PER CURIAM.
Chance appeals from an order of contempt adjudging him in contempt for his refusal to answer three questions and sentencing him to three consecutive six-month terms in jail. We affirm in part, reverse in part and modify the sentence accordingly.
In a deposition, taken before the court, Chance, a witness, refused to answer the following questions:
Where did you get the marijuana from? Q-
. I did get it from another person and I would rather not name that person at this time. A.
* * • * * * *
Q. Who placed it there?
A. I testified I can’t answer that.
'
* * * * * *
Q. With whom did you make the arrangements before hand on the packaging of the marijuana?
A. I have already said I could not answer that.
After each refusal, the judge held Chance in contempt. This was error.
Where a witness draws the lines of refusal . . .by declining to answer questions within a generally defined area of interrogation, the prosecutor cannot multiply contempts by further questions within that area.
Yates v. United States, 355 U.S. 66, 73, 78 S.Ct. 128, 133, 2 L.Ed.2d 95 (1957).
The questions here clearly fell within the same subject area and defendant had indicated he would not answer questions regarding this area. Only one adjudication of contempt was proper.
Accordingly, we affirm the adjudication of contempt for Chance’s refusal to answer the first question, reverse the subsequent adjudications and modify the sentence to one six-month term in jail.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.