386 So.2d 253 (1980)
James DUFF, d/d/a Playmate Escort Service, Appellant,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH CO. et al., Appellees.
No. 78-1251/T4-129.
District Court of Appeal of Florida, Fifth District.
July 23, 1980.
*254 James K. Freeland, Orlando, for appellant.
Philip H. Trees, Orlando, for appellee Melvin G. Colman, Sheriff of Orange County.
Walter R. Moon, Orlando, for appellee Southern Bell.
FRANK D. UPCHURCH, Judge.
Appellant, James Duff, operated a business named the Playmate Escort Service. He filed a complaint seeking a temporary and permanent injunction to prevent termination of telephone service and a declaratory judgment.
At the hearing, it was established that appellant had falsely testified that:
1. He had never coached or instructed his female employees on procedures which should be utilized to avoid being arrested on prostitution charges;
2. That he had never told anyone that he coached or instructed his female employees on procedures which should be utilized to avoid being arrested on prostitution charges; and
3. That he had not never [sic] told one Jovan Martinez that he coached or instructed his female employees on procedures which should be utilized to avoid being arrested on prostitution charges.
Appellant then took a voluntary dismissal. Subsequently, a hearing was held on an order to show cause why he should not be held in contempt. The court found him in contempt as to each false statement and sentenced him to three consecutive sentences.
*255 The first point which we consider is whether the alleged false statements constitute contempt as a matter of substantive law.
While appellant admits that the statements were false, he contends, as a matter of substantive law, that they are not contemptuous.
Three criteria are necessary to establish that the giving of false testimony constitutes contempt: (1) the alleged false answers must have an obstructive effect; (2) there must exist judicial knowledge of the falsity of the testimony; and (3) the testimony elicited must be pertinent to the issues at trial. Mitchell v. Parrish, 58 So.2d 683 (Fla. 1952).
A review of the proceedings before the lower court establishes that all three elements constituting actionable contempt were present. It is well established that perjured testimony obstructs the proper administration of justice. Sauls v. State, 354 So.2d 435 (Fla.3d DCA 1978). Secondly, it is clear that the court had knowledge of the falsity. The taped conversation of appellant and Officer Ray posing as Jovan Martinez was played during the proceedings and established the falsity of appellant's previous statements. Thirdly, the testimony was clearly pertinent to the issue at trial. Appellant had initiated the action, seeking to prevent the termination of phone service allegedly used to further an illegal activity. Thus, it was necessary to determine whether appellant was aware of or was involved in prostitution. As all three elements were present, appellant's false testimony did constitute actionable contempt.
Appellant's second point is whether he could be sentenced for each false statement.
Appellant contends that his three false statements constitute one "contempt," and therefore it was error to impose a separate sentence for each statement. We reluctantly agree.
In an analogous case, the defendant had verbally attacked the court and had accumulated six separate contempt judgments and sentences. However, the appellate court found that only one contempt was committed despite the separate outbursts and vacated five of the convictions. Butler v. State, 330 So.2d 244 (Fla. 2d DCA 1976), cert. denied, 429 U.S. 863, 97 S.Ct. 168, 50 L.Ed.2d 142 (1976). See also Nelson v. State, 208 So.2d 506 (Fla. 4th DCA 1968) in which the defendant was convicted and sentenced for one contempt for making six false statements in his motion for post-conviction relief.
The three questions which appellant falsely answered were variations of the same theme: whether appellant had coached or instructed his female employees on the procedures utilized to avoid arrest for prostitution. Each question was merely more specific than the preceding one. This situation is distinguishable from that of Nilva v. United States, 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed.2d 415 (1957), in which defendant was convicted of three counts of contempt. In Nilva, the defendant 1) testified falsely, 2) disobeyed the subpoena by failing to produce certain documents and 3) disobeyed a second subpoena issued a month later. Nilva involved three separate acts; here, the questions involved the same issue. Once appellant falsely answered the first question, he would continue to answer in the same manner whether two or two hundred variations were propounded. Therefore, we conclude that it was error to convict and sentence for more than one contempt and remand to the trial court to vacate the second and third convictions and sentences.
AFFIRMED in part; REVERSED in part and REMANDED.
ORFINGER and SHARP, JJ., concur.