418 So.2d 456 (1982)
Leroy JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1280.
District Court of Appeal of Florida, Fourth District.
August 25, 1982.
Thomas F. Luken, Fort Lauderdale, for appellant.
*457 Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
On February 5th, 1981, at about 10:20 p.m., two police officers in an unmarked police unit, while searching for a vehicle involved in an unrelated crime, drove into the rear parking lot of the Melody Bar in Pompano Beach with the unit's high beam headlights on. They illuminated appellant, who was either sitting down or quitting the left rear seat of a 1973 Buick four-door automobile while handing another man unknown objects. The other man, also having been exposed by the lights, dropped the objects  later these were identified as marijuana cigarettes. The officers exited their unit and observed appellant bending down toward the rear floor of the automobile. Once outside of the automobile, appellant was searched because he was trying to get something out of his right front jacket pocket. The search revealed a brown "nickel bag" of marijuana. Both men were handcuffed and placed in the police unit.
Before leaving the scene the two officers perceived a large blue jacket on the rear passenger side of the floor of the Buick. Clear plastic bags, suspected of containing marijuana, could be seen from outside the automobile protruding from one of the jacket pockets. One of the officers then removed the jacket from the automobile and retrieved ten clear plastic bags (lids) and seven brown envelopes all suspected of containing marijuana. Another brown envelope and a roll of currency consisting of twelve $5.00 bills and a $1.00 bill were also found protruding from under the front passenger seat, directly in front of where the jacket had been located.
On February 20, 1981, the State charged appellant with a misdemeanor; namely, possession of twenty grams or less of marijuana  that found in the right front pocket of the jacket he was wearing and the two cigarettes he was handing to the other man. On April 29, 1981, the State charged appellant with possession of more than twenty grams of marijuana  that found in and near the jacket on the rear floor of the Buick.[1] On June 25, 1981, the county court accepted appellant's plea of guilty to the misdemeanor charge, withheld adjudication, and ordered him to pay costs of $100.00. On the same day, appellant moved to dismiss the charge pending in the circuit court on the ground that the misdemeanor charge to which he had pled guilty had placed him in jeopardy with respect to the felony. In support of the motion, appellant attached the sworn police report which, together with the probable cause affidavit, represents all the facts the record contains. On July 2, 1981, the trial court denied appellant's motion and five days later appellant changed his plea to nolo contendere to the felony charge, reserving his right to appeal the question of double jeopardy. The circuit judge withheld adjudication and placed appellant on probation for two years.
The fifth amendment prohibition against double jeopardy is applicable to the states through the fourteenth amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Supreme Court has stated an individual is protected against prosecution for an offense of which he has been convicted previously and against multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In Brown, a defendant in Ohio was charged with and convicted of auto theft and joyriding  a lesser included offense of auto theft. The court held:
Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense.
Id. at 169, 97 S.Ct. at 2227, 53 L.Ed.2d at 196 (footnote omitted).
In London v. State, 347 So.2d 639, 640 (Fla. 4th DCA 1977), we held:
In determining whether a plea of double jeopardy can be sustained the test is whether the second prosecution places the defendant twice in jeopardy for the same *458 offense, and not whether he has been tried before upon the same acts, circumstances or situation, the facts of which may sustain a conviction for a separate offense. State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944). To constitute double jeopardy, it is not enough that the second prosecution arises out of the same facts as the first, but the second prosecution must also be for the same offense. State v. Shaw, 219 So.2d 49 (Fla. 2d DCA 1969). However, when a defendant is placed in jeopardy for a lesser degree of an offense and is thereafter charged with a higher degree of the same offense, he has been placed in double jeopardy and the subsequent prosecution is barred. Southworth v. State, 98 Fla. 1184, 125 So. 345 (1929); State ex rel. Landis v. Lewis, 118 Fla. 910, 160 So. 485 (1935); Greene v. City of Gulfport, 103 So.2d 115 (Fla. 1958).
Applying the foregoing principles to the facts of this case, we think the following language in State v. Peavey, 326 So.2d 461, 462-63 (Fla. 2d DCA 1975), cert. denied, 336 So.2d 1184 (Fla. 1976), is most appropriate:
To begin with, we would agree that in all events under the facts herein Peavey could have been guilty of only one offense of possession of marijuana on the day and time in question. This is so because, within the contemplation of criminal sanctions, one is deemed at least "constructively" possessed of contraband at a given time and place if he has knowledge of its presence on or about his person or premises and has the present ability exclusively or jointly with another to maintain control over it or reduce it to his physical possession or use; and it matters not, we think, with respect to dispersible contraband of a given kind, such as here, that it may be cached or located in different places on or about his person or on or about his premises. The several such contemporaneous "possessions" constitute but one offense.[2]
[2] See Zimmerman v. State (1938), 173 Tenn. 673, 122 S.W.2d 436; Puckett v. Commonwealth (1925), 210 Ky. 768, 276 S.W. 811; Green v. State (1928), 22 Ala.App. 536, 117 So. 607. Also cf. Beaman v. State (1940), 69 Okla. Cr. 455, 104 P.2d 260; People v. Von Latta (1968), 258 Cal. App.2d 329, 65 Cal. Rptr. 651.
(Footnote 1 omitted; emphasis original.)
Appellant here contemporaneously possessed the marijuana on his person and that found in and about the jacket on the rear floor of the Buick where he was seen bending over immediately prior to being ordered to exit the automobile; such contemporaneous possession constituted but one offense. Under these circumstances and for the purpose of double jeopardy, we fail to see how there can be a legal distinction between the produce leaving the peddler's hand or in his pocket and that still on the push cart. Accordingly, we reverse the circuit court order withholding adjudication of guilt and placing appellant on probation and remand with direction to dismiss the information.
HURLEY and DELL, JJ., concur.
NOTES
[1] The State had been unable to determine ownership of the Buick.