FRANK, Judge.
In the course of a preliminary hearing held on March 5, 1986, in a homicide proceeding involving Richard Prentiss, the state asked the appellant, Gordon Earl Haupt, the following question: “Mr. Haupt, on October 11, 1985, did you have an individual by the name of Steven Letter come by your trailer?”
Haupt invoked his privilege against self-incrimination and refused to answer. The state immediately announced that it granted Haupt use immunity. The trial court affirmed that Haupt was immunized and advised him that he was required to answer. Haupt again declined answering the question. The trial court informed Haupt that he could be found in contempt, and Haupt acknowledged the risk. Haupt was then asked: “Mr. Haupt, on October 11, 1985, did you shoot and kill Steven Letter?” He refused to answer and the state repeated its grant of use immunity. Following the trial court’s further contempt warning Haupt was asked whether Letter had attempted to rob him; Haupt invoked his privilege and stated that he wanted transactional, not use, immunity. The trial court found Haupt in contempt, committed him to the custody of the sheriff and set a sentencing hearing for a later date.
The next day, March 6, 1986, Haupt was returned to the trial court, was again given use immunity with the trial court’s approval, and the questioning resumed; he refused to answer the two questions asked of him on the previous day. The trial court again found him in contempt.
At sentencing, the trial court imposed two consecutive six month sentences but offered Haupt the opportunity to purge the contempt by truthfully answering the question.[1]
The trial court’s determination to sentence Haupt to two consecutive six month terms of imprisonment appears to be bottomed on the view that his refusal to answer the state’s questions on March 6 was not a continuing offense but constituted a separate and independent act of contumacy. It is our view that Haupt’s conduct in its entirety constituted one contempt. Duff v. Southern Bell Telephone & Telegraph Co., 386 So.2d 253 (Fla. 5th DCA 1980). The questions asked on March 6 were essentially the same as those asked on March 5. On the second occasion the questions were confined to the same subject matter inquired about at Haupt’s initial refusal to provide responsive answers. See In re Tierney, 328 So.2d 40 (Fla. 4th DCA 1976).
Accordingly, we reverse the trial court’s imposition of the second six month sen *18 tence and direct that Haupt be discharged from that sentence.
DANAHY, C.J., and SANDERLIN, J., concur.

. Haupt has not challenged and we have neither considered nor do we pass upon any aspect of this matter involving the nature of the contempt, i.e. civil or criminal, or the procedures followed by the trial court at the adjudicating or sentencing stage. See Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).