596 So.2d 1167 (1992)
Tracy Lee LUNDY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0113.
District Court of Appeal of Florida, Fourth District.
April 1, 1992.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Lundy appeals twelve separate convictions and sentences for criminal contempt arising out of his refusing to answer questions *1168 propounded to him in the trial of a codefendant. He also challenges the constitutionality, on double jeopardy grounds, of his dual convictions and sentences for trafficking in cocaine (by possession) and possession of the same cocaine. We reverse as to all issues.
Following appellant's negotiated "no contest" plea, in which he agreed to testify at the trial of a codefendant, he was called to testify against the codefendant. Both were charged with drug offenses arising out of their arrest for possessing cocaine contained in a bag and a box located in the passenger compartment of a vehicle. The appellant invoked his Fifth Amendment privilege and refused to answer twelve questions, each related to some aspect of the incident. The state asserts that at least half of the questions related to these "subject areas" of inquiry which the state contends are each different: the appellant and codefendant being together on the date of the crime; appellant's attempted communication with the codefendant's attorney; the location of the drugs in the car; the arrest; prior deposition testimony concerning the same incident; and statements concerning the incident.
In this case it is clear that all of the state's inquiries related to the subject of the cocaine involved in this case, its location, how it was obtained, and the extent of the involvement of each participant. Although each query may address a different aspect of the crime and its surrounding circumstances, that, of itself, does not limit the appellant's ability to exercise his fifth amendment privilege as to the entire subject. Yates v. United States, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957); In re Tierney, 328 So.2d 40 (Fla. 4th DCA 1976); Haupt v. State, 499 So.2d 16 (Fla. 2d DCA 1986); Duff v. Southern Bell Tel. & Tel. Co., 386 So.2d 253 (Fla. 5th DCA 1980); Chance v. State, 382 So.2d 801 (Fla. 1st DCA 1980).
The state also argues that the amendment of Florida Statute Section 775.021(4) modified the applicable law. That amendment, imposed following the supreme court's decision in Carawan v. State, 515 So.2d 161 (Fla. 1987), restricts the circumstances in which a court may refuse to sentence a defendant separately for each crime committed. However, we deem that statute inapposite, as here only one crime, a continuous contempt, was committed.[1]
Concerning the additional issue, a defendant may not be convicted of both trafficking, by possession, and of simple possession of the same drugs. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Each offense is predicated on the defendant's possession of the same cocaine at the same time and place. Granted, trafficking requires proof of the additional element of quantity. The elements of possession, however, are required for the proof of each crime.
We also reject the state's contention that the plea to one charge was for the cocaine found in one container and the plea to the other was for the cocaine in the second container. Not only is there nothing in the record to support this contention, but to hold that a separate possessory crime is committed for each packet or package of the controlled substance within an offender's possession at a given time and place goes well beyond the statutory elements of the crime. To allow such an arrest would lead to absurd scenarios, including the state's charging more counts for the same amount of narcotics only due to the increased number of small packages of that illegal substance.
The state further asserts that appellant, by his plea, waived the right to assert a double jeopardy argument on appeal. We have previously determined, however, that appeal of an unconstitutional dual conviction and sentence is not waived by a no contest plea. E.g., Arnold v. State, 578 So.2d 515 (Fla. 4th DCA 1991).
*1169 Accordingly, appellant's convictions and sentences on eleven of the twelve contempt charges and the possession charge are reversed. We remand for resentencing for one contempt of court count and for trafficking.[2]
LETTS and WARNER, JJ., concur.
NOTES
[1] We note that no issue was raised in this appeal when, or whether, such a contempt should be treated as criminal or civil.
[2] We note that the state does not ask us to address any issue of whether the state or the court must continue to accept the plea to trafficking and the stipulated sentence once the defendant successfully challenges a portion of that sentence, despite his prior agreement, and therefore we do not comment on such a potential issue.