633 So.2d 1122 (1994)
Lenthius Daryl THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1402.
District Court of Appeal of Florida, Fifth District.
March 4, 1994.
*1123 James B. Gibson, Public Defender, and Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The primary issue posed by this appeal has now been resolved by the decision handed down on June 28, 1993, by the United States Supreme Court in United States v. Dixon, ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), which expressly overruled Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The Dixon majority reaffirmed Blockburger[1] as the exclusive test for purposes of double jeopardy analysis, and rejected the Corbin requirement that a subsequent prosecution must satisfy the "same conduct" test as well as the Blockburger test.
In the instant case the appellant, Lenthius Thomas, was convicted of two counts of sale of cocaine and two counts of possession of cocaine based upon an evidentiary showing that he sold a rock of cocaine to a confidential informer at about 1:50 p.m. on October 22, 1992, and another rock to the same informant at about 4:20 p.m. on the same day. Based upon Dixon and the rationale of the Florida Supreme Court in State v. McCloud, 577 So.2d 939 (Fla. 1991), we reject Thomas's contention that dual convictions and sentences for possession and sale of the same quantum of cocaine violates the double jeopardy clause of the Fifth Amendment to the United States Constitution.
Thomas also contends that he cannot be convicted of two separate possessions of cocaine even though he sold it at different intervals. His argument is that because section 893.13(1)(f), Florida Statutes, makes it a third degree felony to possess any amount of a controlled substance, the state could not apportion the cocaine possessed by the defendant into two separate possession charges. Compare State v. Watts, 462 So.2d 813 (Fla. 1985) (defendant's possession of two knives in prison was a single offense where statute proscribed possession of "any firearm") with Grappin v. State, 450 So.2d 480 (Fla. 1984) (theft of five guns was five offenses where statute proscribed theft of "a firearm"). Specifically, the defendant relies on Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992) wherein the appellate court held that a defendant could not be convicted separately for possession of cocaine found in one container and possession of cocaine found in a second container. The Lundy court explained that "to hold that a separate possessory crime is committed for each packet or package of the controlled substance within an offender's possession at a given time and place goes well beyond the statutory elements of the crime." 596 So.2d at 1168.
Even assuming, arguendo, that this point is properly before this court,[2] it is not meritorious. The possession charges here, unlike those in Lundy, are based on two separate and distinct factual events, separated by approximately 2 1/2 hours. There is no double jeopardy impediment to separate convictions and sentences in this context.
The defendant was convicted on Counts I and III of sale of cocaine, a second degree felony, § 893.03(2)(a)4, Florida Statutes, punishable by up to 15 years imprisonment. § 775.082(3)(c), Fla. Stat. Counts II *1124 and IV were possession convictions, and each was a third degree felony, § 893.13(1)(f), Fla. Stat. punishable by up to 5 years imprisonment. § 775.082(3)(d), Fla. Stat. The trial court imposed a guidelines sentence of concurrent terms of 4 1/2 years imprisonment on each of the counts. However, appended to Counts II and IV, the court added terms of 5 years probation, to run concurrent to each other and consecutive to the prison time. The state concedes it was error to append the probation to the third degree felonies instead of to the second degree felonies. The state suggests that the sentences be vacated and the cause remanded for correction of the sentences. The defendant asserts this cannot be done because he has begun to serve his sentences and such sentences cannot now be increased, citing Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Pilgrim v. State, 516 So.2d 75 (Fla. 5th DCA 1987); and Pelfrey v. State, 409 So.2d 486 (Fla. 5th DCA 1981). However, the sentences here will not be increased on remand; instead the trial court will be given an opportunity to correct an obvious clerical error. See Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991) (enforcement of originally valid prison sentence of 30 years after correction of clerical error reflecting sentence of 30 months did not violate double jeopardy clause). The net result of the correction will not increase the defendant's sentence. See Frazier v. State, 540 So.2d 228 (Fla. 5th DCA 1989) (trial court did not violate defendant's due process rights when upon resentencing, it decreased the defendant's confinement by five years but increased period of probation by five years).
Although defense counsel stipulated to the accuracy of the scoresheet, on appeal the defendant asserts and the state recognizes that several errors were made in its calculation. The defendant is entitled to a scoresheet which accurately reflects the offenses pending before the court for sentencing. See Fla.R.Crim.P. 3.701(d)1. Because remand is necessary to correct the sentences imposed, these factual errors can be corrected before the trial court.
The court ordered the defendant to pay investigative costs of $217.16 as a condition of probation. Section 939.01(1), Florida Statutes, authorizes recovery of investigative costs, if requested and documented. The state asserted below that investigative costs totaled $217.16 and no objection to this figure was interposed. The defendant cannot raise for the first time on appeal the challenge that the state's proof was inadequate.
The probation order further orders the defendant to pay $7.50 in "local court costs," a $100.00 drug surcharge, and a $15.00 county drug charge. No authority for imposition of such costs is cited. On remand, the court should reference the statutory authority for imposition of such sums or delete them. See Williams v. State, 596 So.2d 758 (Fla. 2d DCA 1992) (court lacks power to impose costs in criminal case unless specifically authorized by statute).
Accordingly, we affirm the convictions below, vacate the sentences, and remand for resentencing.
PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[2] The defendant's motion for judgment of acquittal was at most perfunctory and failed to raise this factual matter. See, e.g., Patterson v. State, 391 So.2d 344 (Fla. 5th DCA 1980).