659 So.2d 1342 (1995)
Eddie Lee Mosely, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2007.
District Court of Appeal of Florida, Fifth District.
September 8, 1995.
*1343 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, Daytona Beach, for appellee.
PER CURIAM.
Eddie Lee Mosely appeals from his convictions and sentences for trafficking in cocaine, possession of cocaine, and possession of marijuana. He raises four issues on appeal, three of which merit discussion.
Contraband was seized from Mosely's vehicle by officers during a valid traffic stop. One of the officers saw a marijuana cigarette in the ashtray in plain view and smelled the odor of marijuana coming from the vehicle. A search revealed thirty-one grams of marijuana in a wheel well, thirty-seven grams of crack cocaine in the floor liner of the trunk, and powdered cocaine residue in Mosely's wallet.
Mosely challenges his convictions for both trafficking in cocaine and possession of cocaine, saying that the State should charge him with one or the other. His contention is that he was in possession of one lot of cocaine, albeit in different locations, so he is guilty of only one crime. We disagree and, in so doing, find Mosely's reliance on Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992) misplaced.
In Lundy, the court held that the defendant could not be convicted of both trafficking by possession and simple possession of the same drug because both offenses were predicated upon his possession of the same cocaine at the same time and place. Part of the cocaine in that case was found in a bag while another part of it was found in a box, both of which were located in the passenger compartment of a vehicle. Rejecting the State's argument that the existence of differing amounts of cocaine in two separate containers supported dual convictions, one for trafficking and one for possession, the court reasoned that
to hold that a separate possessory crime is committed for each packet or package of the controlled substance within an offender's possession at a given time and place goes well beyond the statutory elements of the crime. To allow such an arrest would lead to absurd scenarios, including the state's charging more counts for the same amount of narcotics only due to the increased number of small packages of that illegal substance.
*1344 Id. at 1168. See also Graham v. State, 631 So.2d 388 (Fla. 1st DCA 1994) (sentencing appellant for possession of more than twenty grams of marijuana and possession of same marijuana with intent to sell violates prohibition against double jeopardy); Pasley v. State, 625 So.2d 1303 (Fla. 1st DCA 1993) (same).
We find Lundy to be clearly distinguishable on its facts. The holding in Lundy is simply the well established principle that "a defendant may not be convicted of both trafficking, by possession, and of simple possession of the same drugs." Id. at 1168 (emphasis supplied) (citation omitted). Simply stated, the Lundy court found that even though the cocaine was found in two separate containers, it constituted one aggregate quantity of cocaine.
Sub judice, unlike Lundy, Mosely was not charged and convicted of trafficking by possession and possession of the same drugs. Here, the officers found 37 grams of crack cocaine concealed in the trunk of Mosely's automobile. The officers also found a baggy with powdered cocaine residue inside Mosely's wallet. This is not the situation where the State apportioned the same drugs and came up with separate charges. The powdered cocaine residue found in Mosely's wallet had nothing to do with the crack cocaine found concealed in the trunk of Mosely's automobile. Cf. Collins v. State, 489 So.2d 188 (Fla. 5th DCA 1986). Consequently, the evidence supports Mosely's convictions for both trafficking in cocaine and possession of cocaine.
As to the inconsistency between the oral sentencing pronouncement and the written order, the State acknowledges that oral sentencing pronouncements control over provisions in a written order where the discrepancy is caused by clerical error. See Anderson v. State, 616 So.2d 200 (Fla. 5th DCA 1993); Avery v. State, 543 So.2d 296 (Fla. 5th DCA), review dismissed, 553 So.2d 1164 (Fla. 1989). It does not, however, concede the error was clerical. On remand, a hearing should be held to determine the actual sentence intended. See Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA), review denied, 554 So.2d 1170 (Fla. 1989).
Finally, Mosely was improperly required to pay First Step of Volusia County, Inc. $120 as a special condition of his probation. See Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994) (en banc). Accordingly, that provision is stricken.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and GOSHORN, JJ., concur.
DAUKSCH, J., dissents, without opinion.