FLETCHER, Judge.
Byron Antonio Trice appeals from his conviction for trafficking in cocaine and for possession of marijuana. We reverse the judgment and remand for a new trial.
At 1:45 a.m. Officer Wolcott pulled Trice over for a minor traffic infraction.[1],[2] Trice got out of the car voluntarily, his shirt in disarray. Officer Wolcott asked Trice to lift his shirt, at which time she observed a clear plastic ziploc bag sticking out of his pants. Officer Wolcott reached out for the bag and Trice knocked her hand away. The backup officer and Wolcott briefly struggled with Trice, who managed to toss the baggie several feet from him. The officers handcuffed Trice and retrieved the baggie, which contained 495 grams of cocaine. A search of the car turned up packets of marijuana, and a pat-down of Trice garnered a small amount of marijuana from Trice’s wallet. Trice was charged by amended information with 1) trafficking in over 400 grams of cocaine; 2) resisting an officer with violence; 3) possession with intent to sell, and; 4) two counts of possession of cannabis.
Trice filed a motion to suppress physical evidence and statements, asserting that the officer had no reasonable suspicion or probable cause to stop the car, as Trice made a valid turn and was otherwise driving lawfully. In response, the State asked that the court take judicial notice of the traffic court’s civil record arguing that Trice had already been adjudicated guilty of the traffic infractions that were the basis for Officer Wolcott’s stop of Trice’s vehicle and the adjudication was governing in the criminal case. The trial court agreed, foreclosed any argument on the merits of the motion to suppress, and summarily denied Trice’s motion.
*810 This issue is discussed in terms of collateral estoppel, the general rule being as stated at 47 Am.Jur.2d Judgments § 739 (1995):
“Generally, a judgment rendered in a civil action has no preclusive collateral estoppel effect and is not admissible in a subsequent criminal prosecution where the judgment is offered for the purpose of proving facts adjudicated therein, although exactly the same questions are in dispute in both cases.”[3]
Several reasons are given for this rule, including the availability of constitutional protections in criminal prosecutions that are not available in civil actions. (See footnote 2 for examples). As we agree with the general rule, and as the motion to suppress is facially sufficient, it should have been considered on the merits at a full evidentiary hearing. Fla. R.Crim. P. 3.190(h)(3).
Although we are reversing Trice’s convictions and sentencing, because we are remanding for a new trial we observe that it was error for the court to sentence Trice for two identical counts of unlawful possession of cannabis. The evidence established that the defendant was in possession of each package of cannabis (one package in his wallet, the other in his car), at a single factual event (the traffic stop), not separated by time or place. We agree with that part of Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992), wherein the court held that a defendant could not be convicted separately for possession of cocaine found in one container and possession of cocaine found in a second container. The Lundy court explained that “to hold that a separate possessory crime is committed for each packet or package of the controlled substance within an offender’s possession at a given time and place goes well beyond the statutory elements of the crime.” 596 So.2d at 1168.
For the foregoing reasons, we reverse the defendant’s judgment and sentences and remand for a new trial, to include among the original charges only one count of unlawful possession of cannabis.
Reversed and remanded.

. Trice was cited for failing to obey a traffic device, section 316.075(3)(a), Florida Statutes (1997), and for careless driving, section 316.1925, Florida Statutes, (1997). Trice denies any violation on his part.

. The word “infraction” means a noncriminal traffic offense that is not punishable by incar-ceralion, and for which there is no right to court-appointed counsel or a jury trial. Fla. R. Traf. Ct. 6.040(0; § 18.13(3), Fla. Stat. (1991); 4A Fla. Jur.2d Automobiles and Other Vehicles § 269 (1994).

. Cases following this general rule include Gilberg v. Barbieri, 53 N.Y.2d 285, 441 N.Y.S.2d 49, 423 N.E.2d 807 (1981); State v. Walker, 159 Ariz. 506, 768 P.2d 668 (App.1989); State v. Young, 249 Neb. 539, 544 N.W.2d 808 (1996).