793 So.2d 1153 (2001)
Norman SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4129.
District Court of Appeal of Florida, Fourth District.
September 12, 2001.
Carey Haughwout, Public Defender, and Joseph Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie Ann Dale, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse the final judgment adjudicating Sims guilty of both possession with intent to sell/deliver cannabis and possession of more than twenty grams of cannabis, as such amounted to double jeopardy.
The cannabis was found in a search of Sims' apartment. In his bedroom closet, the police found a plastic bag of cannabis under a pile of dirty clothes. One witness estimated that it weighed between a quarter and a half pound; another estimated that it weighed a quarter pound. The cannabis found in the closet made up state's exhibit 13.
The police also found assorted amounts of cannabis at various locations in the apartment. This included loose marijuana lying on top of a magazine, three cigarettes in a dresser drawer, and residue in a pipe. They also found 100 grams floating *1154 in the toilet and an additional loose amount hidden in a video container.
There was substantial additional evidence, including incriminating statements, linking Sims to the cannabis and to the conclusion that he possessed cannabis with the intent to sell.
While instructing the jury, the court explained that count two referred to the cannabis in state's exhibit 13, and count three referred to cannabis found in all other areas other than exhibit 13. In addition, the verdict form read,
As to Count II:
(select only one)
( ) Guilty of Possession with intent to sell or deliver Cannabis in State's exhibit # 13, as charged in the information.
( ) Guilty of Possession of over 20 grams of Cannabis in State's exhibit # 13, a lesser included offense.
( ) Guilty of less than 20 grams of the Cannabis in State's exhibit # 13, a lesser included offense.
( ) Not Guilty
As to Count III:
(select one only)
( ) Guilty of Possession of over 20 grams of Cannabis found in all other areas of the house other than State's exhibit # 13, as charged in the information.
( ) Guilty of Possession of less than 20 grams of Cannabis found in all other areas of the house other than State's exhibit # 13, a lesser included offense.
( ) Not Guilty
The jury found Sims guilty as charged of counts two and three as well as two other counts.
Convictions for possession with intent to sell marijuana and simple possession of the same marijuana violate a defendant's double jeopardy rights. Paccione v. State, 698 So.2d 252 (Fla.1997).
Sims was convicted of possession with intent to sell the cannabis found in the closet, marked as exhibit 13, and was separately convicted of collectively possessing all of the other cannabis admitted into evidence. In our judgment, these convictions involve the same combination of cannabis. Thus, Sims' double jeopardy rights have been violated.
In Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992), this court recognized that separate possession and trafficking by possession charges may not be founded on the fact that cocaine was found in multiple containers located in the passenger compartment of a car. This was consistent with our holding in Jackson v. State, 418 So.2d 456 (Fla. 4th DCA 1982), that a defendant could not be separately convicted of a misdemeanor for possessing two marijuana cigarettes dropped from his hand to the floor of his car and again of a felony for packets of marijuana found in his nearby jacket at the same time and place. Similarly, in Trice v. State, 755 So.2d 808 (Fla. 3d DCA 2000), the court concluded that the defendant driver could not be accountable in two separate possessions of cannabis found at the same time and place, one for a package elsewhere in his car. We have considered Mosely v. State, 659 So.2d 1342 (Fla. 5th DCA 1995), where crack cocaine was found in a car trunk and powdered cocaine was found in the defendant's wallet, but find no conflict, as the court in Mosely took care to emphasize the distinction in that case between the crack and powdered form of the drug.
We recognize that in Gibbs v. State, 676 So.2d 1001 (Fla. 4th DCA 1996), this court, en banc, receded from anything in Jackson or Lundy inconsistent with our holding in that case. However, the reasoned basis for our en banc decision in Gibbs was *1155 unrelated to the issue before us here and was quashed by the supreme court in Gibbs v. State, 698 So.2d 1206 (Fla.1997), in which the court determined that a defendant may not be convicted of both trafficking by possession in, and possession of, the same drugs. Although a concurring opinion[1] in our Gibbs decision asserted that the defendant could be separately convicted of possessing cocaine held in his hand and cocaine found hidden elsewhere in his car, such clearly was not considered in the reasoning of the majority holding. The latter issue also was not addressed by the supreme court's Gibbs opinion.
As to the other issues raised on appeal, we find no reversible error.
We, therefore, remand for modification of the judgment accordingly by striking the lesser felony and re-sentencing on counts II and III.
POLEN, C.J. and GROSS, J., concur.
NOTES
[1] By the author of this opinion.