908 So.2d 554 (2005)
Kelly McGLORTHON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5387.
District Court of Appeal of Florida, Second District.
August 10, 2005.
*555 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard E. MacDonald, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Among Kelly McGlorthon's convictions were two convictions for possession of cocaine. He contends that one possession conviction must be reversed as a violation of the prohibition against double jeopardy. We agree.
In an area of St. Petersburg known for drug dealing, an undercover detective in an unmarked car stopped near the yard where McGlorthon was standing. McGlorthon approached and asked what the detective wanted. The detective showed McGlorthon a $20 bill. McGlorthon walked back into the yard, retrieved a brown paper bag, and returned to the car. McGlorthon pulled from the bag a small white plastic container. When McGlorthon opened the container, the detective saw that it contained about six to eight pieces of crack cocaine. McGlorthon gave the detective two pieces of crack cocaine in exchange for the $20 bill. McGlorthon walked away, and the detective drove off.
Using the detective's radioed description and directions from an undercover surveillance unit, an arrest team moved into the area. They saw McGlorthon sitting on a milk crate in a yard. When McGlorthon saw the uniformed officers, he ran, resulting in a foot chase that lasted about a minute, ending with McGlorthon's arrest. When the officers returned to the milk crate, they found within five feet of the crate a brown bag containing a plastic container that held six pieces of crack cocaine. At trial, the detective identified this paper bag as being the one from which McGlorthon had retrieved the crack cocaine involved in the drug sale.
In circuit court case number 04-5754, McGlorthon was charged with one count of possession of cocaine and one count of resisting arrest without violence. In circuit court case number 04-5757, McGlorthon was charged with one count of sale of cocaine and one count of possession of cocaine. These cases were consolidated for a jury trial, and McGlorthon was convicted on all counts as charged.
McGlorthon's appeal concerns only his two convictions for possession of cocaine, each a violation of section 893.13(6)(a), Florida Statutes (2003), which provides that "[i]t is unlawful for any person to be in actual or constructive possession of a controlled substance." McGlorthon contends that he contemporaneously possessed one quantity of cocaine; therefore, his two convictions for possessing the same quantity of cocaine violated his right against double jeopardy. Although McGlorthon did not raise this issue in the trial court, his double jeopardy claim presents an issue of fundamental error that may be raised for the first time on appeal. See Park v. State, 528 So.2d 524, 525 (Fla. 2d DCA 1988).
The State argues that McGlorthon separately possessed two quantities of cocaine so as to constitute two distinct crimes of possession. According to the State, one possession conviction was based on the two pieces of crack cocaine that McGlorthon sold to the undercover detective while the other possession conviction was based on the six pieces of crack cocaine that remained *556 in McGlorthon's possession after the consummation of the sale.
We agree with McGlorthon. "[F]or the purpose of double jeopardy, we fail to see how there can be a legal distinction between the produce leaving the peddler's hand or in his pocket and that still on the push cart." Jackson v. State, 418 So.2d 456, 458 (Fla. 4th DCA 1982). In Jackson, police officers drove into a parking lot where they saw Jackson bending over a jacket on the floor of his car. They ordered Jackson away from his car and found marijuana on his person. Before leaving the scene, the officers also found marijuana in the jacket. Id. at 457. Jackson was convicted of two possession offenses one for the contraband on his person and one for the contraband in the jacket. The Fourth District reversed, holding that Jackson contemporaneously possessed all of the contraband and thus committed a single possession offense. Id. at 458 (citing State v. Peavey, 326 So.2d 461, 462-63 (Fla. 2d DCA 1975)); see also Lundy v. State, 596 So.2d 1167, 1168 (Fla. 4th DCA 1992) (rejecting the State's contention that Lundy committed two possession offenses when the quantity of cocaine found in his car was divided into two units in separate containers).[1] In this case, McGlorthon's act of handing over to the undercover detective a portion of the quantity of cocaine in the bag did not give rise to a separate possession of the portion McGlorthon relinquished. Therefore, only one possession conviction shall be permitted to stand.
In support of its argument, the State cites Thomas v. State, 633 So.2d 1122, 1123 (Fla. 5th DCA 1994), but the case is distinguishable because Thomas possessed two quantities of contraband during two drug deals that were separated by more than two and one-half hours. Thus Thomas committed two separate possession offenses. In this case, no comparable break in time occurred.
We reverse one of McGlorthon's possession convictions and remand for resentencing.[2] We affirm the judgment in all other respects.
Affirmed in part, reversed in part, and remanded.
FULMER, C.J., and VILLANTI, J., Concur.
NOTES
[1] We note that on a related issue, the Fourth District receded from Lundy and Jackson in Gibbs v. State, 676 So.2d 1001 (Fla. 4th DCA 1996) (en banc). The Supreme Court of Florida quashed that en banc decision in Gibbs v. State, 698 So.2d 1206 (Fla.1997), thus removing any doubt concerning the value of Lundy and Jackson as authority for McGlorthon's case.
[2] Ordinarily, upon finding a double jeopardy violation, we would reverse the lesser of the offenses and affirm the greater. See generally State v. Barton, 523 So.2d 152, 153 (Fla. 1988). However, McGlorthon's two third-degree felony possession convictions are equal in degree. We leave to the trial court to select the possession conviction to which our reversal applies.