PER CURIAM.
When petitioner was arrested for possession of cocaine and possession with intent to sell, the first appearance magistrate set a bond amount based on the bond schedule of $5,000 for the charge of possession of cocaine with intent to sell, multiplied by the number of small packets that contained the cocaine, thirty-nine in all, or $195,000. The weight of the cocaine is unknown at this time. Because it was legally wrong to consider each packet as a separate charge, the amount of the bond was an abuse of discretion. The petition for habeas corpus is granted and we direct that the $195,000 bond for appellant’s charge for possession of cocaine be reduced to a reasonable bond in accordance with the crime charged.
Under section 893.13, Florida Statutes, the degree of the crime of possession of cocaine is determined by the weight of the cocaine possessed at a given time, not the number of containers holding it. See also Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992), receded from, on other grounds, Gibbs v. State, 676 So.2d 1001 (Fla. 4th DCA 1996), decision quashed, 698 So.2d 1206 (Fla.1997). In Lundy, we said,
[T]o hold that a separate possessory crime is committed for each packet or package of the controlled substance within an offender’s possession at a given time and place goes well beyond the statutory elements of the crime. To allow such an arrest would lead to absurd scenarios, including the state’s charging more counts for the same amount of narcotics only due to the increased number of small packages of that illegal substance.
Id. at 1168.
Petition granted.
STONE, WARNER and HAZOURI, JJ., concur.