967 So.2d 417 (2007)
Andrew WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5879.
District Court of Appeal of Florida, First District.
October 30, 2007.
Nancy A. Daniels, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Elizabeth Fletcher Duffy, Trisha Meggs Pate, Sheron L. Wells, and Charlie McCoy, Assistant Attorneys General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Following his conviction for two counts of possession of cocaine, sale of cocaine, and possession of paraphernalia, Andrew Wiggins appeals the dual convictions for possession of cocaine arguing that the two convictions for the possession of a single quantity of cocaine constitute double jeopardy. We agree and reverse and remand for further proceedings.
Appellant was arrested as a result of an undercover purchase by the police. Appellant had a single quantum of cocaine from which he removed a portion and sold that portion to police. Below, as well as on appeal, the State asserts that two counts of possession can be charged on these facts. One charge pertains to the possession of the original quantum, while the second charge pertains to that same quantum less the amount sold to police. The trial court denied the motion for acquittal made below on the ground of double jeopardy.
*418 In McGlorthon v. State, 908 So.2d 554 (Fla. 2nd DCA 2005), the reviewing court reversed one of two convictions for possession of cocaine, one of which was premised on the possession of two pieces of cocaine sold to an undercover police officer while the other was premised on the possession of six pieces of cocaine that the defendant possessed after the sale. All eight pieces of cocaine were contained in the same storage container prior to the undercover sale. In finding a double jeopardy violation, the Second District noted that it "fail[ed] to see how there can be a legal distinction between the produce leaving the peddler's hand or in his pocket and that still on the push cart." 908 So.2d at 556 (quoting Jackson v. State, 418 So.2d 456, 458 (Fla. 4th DCA 1982)); see also Godfrey v. State, 947 So.2d 565 (Fla. 1st DCA 2006)(holding that a conviction for possession of crack cocaine and another conviction for possession of powder cocaine constituted double jeopardy); Gibbs v. State, 698 So.2d 1206 (Fla.1997)(holding that dual convictions for trafficking possession and simple possession could not stand where the same quantum of cocaine was the basis for each offense); Robinson v. State, 901 So.2d 1027, 1027-29 (Fla. 4th DCA 2005)(holding that defendant's convictions for trafficking possession and simple possession could not stand where defendant dropped a bag of cocaine while fleeing and where police found other baggies of cocaine following a search incident to arrest); Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992)(holding that double jeopardy clause prohibited convictions for trafficking in cocaine found in one container and possessing cocaine found in another). As the Lundy court explained,
to hold that a separate possessory crime is committed for each packet or package of the controlled substance within an offender's possession at a given time and place goes well beyond the statutory elements of the crime. To allow such an arrest would lead to absurd scenarios, including the state's charging more counts for the same amount of narcotics only due to the increased number of small packages of that illegal substance.
596 So.2d at 1168.[1]
Accordingly, appellant's conviction and sentence as to one count of possession of cocaine is reversed. The remaining convictions and sentences are affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
BROWNING, C.J., and ALLEN, J., concur.
NOTES
[1] While the Fourth District receded from Lundy in Gibbs v. State, 676 So.2d 1001 (Fla. 4th DCA 1996), the Florida Supreme Court thereafter quashed the Fourth District's decision in Gibbs. See Gibbs v. State, 698 So.2d 1206 (Fla.1997).