NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN ST. LOUIS,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

Case No. 2D16-1939

Opinion filed February 9, 2018.

Appeal from the Circuit Court for
Hillsborough County; Rex Barbas and
Vivian T. Corvo, Judges.

Howard L. Dimmig, II, Public Defender, and
John C. Fisher, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.

VILLANTI, Judge.

        John St. Louis appeals his convictions and sentences for delivery of

cocaine, a second-degree felony; possession of cocaine with intent to sell or deliver, a

second-degree felony; and possession of cocaine, a third-degree felony. We reject

without comment St. Louis's argument that the trial court erred in denying his motion for judgment of acquittal. We also affirm without comment St. Louis's convictions for delivery of cocaine and possession of cocaine with intent to sell or deliver. However, we agree with St. Louis that his conviction and sentence for the third-degree felony of possession of cocaine must be vacated as being a violation of the prohibition against double jeopardy.

We need only recite the facts necessary to adjudicate this appeal. St. Louis was arrested as a result of a cocaine purchase by a detective through an undercover criminal informant. St. Louis had a single stash of cocaine in his nightstand from which he removed a portion that he sold to the informant. St. Louis was then arrested for the three charges described above, and he was convicted as charged after a jury trial. The trial court sentenced him on each of the three convictions.

In this appeal, St. Louis argues for the first time that his convictions for possession of cocaine with intent to sell and deliver and simple possession of cocaine violate double jeopardy because they arise out of the same quantum of cocaine. Although St. Louis did not make this double jeopardy argument in the trial court, a "double jeopardy claim presents an issue of fundamental error that may be raised for the first time on appeal." McGlorthon v. State, 908 So. 2d 554, 555 (Fla. 2d DCA 2005). And the facts of McGlorthon are analogous to the facts here. In McGlorthon, this court reversed one of McGlorthon's convictions for possession of cocaine. One conviction was based on possession of the cocaine sold to an undercover officer while the other was based on McGlorthon's possession of the quantum of cocaine remaining after the sale. This court noted in an apt analogy that it "fail[ed] to see how there can be a legal

distinction between the produce leaving the peddler's hand or in his pocket and that still on the push cart." Id. at 556 (quoting Jackson v. State, 418 So. 2d 456, 458 (Fla. 4th DCA 1982)). Given the virtually identical facts here, McGlorthon controls our decision.

In defense of the two convictions, the State argues that St. Louis separately possessed two quantities of cocaine so as to constitute two distinct crimes of possession. According to the State, one possession conviction was based on the cocaine that St. Louis sold to the confidential informant, while the other possession conviction was based on the cocaine that remained in St. Louis's nightstand after the sale. And in support of its argument, the State cites Mosely v. State, 659 So. 2d 1342, 1344 (Fla. 5th DCA 1995). However, the facts in Mosely are distinguishable from those here. The court in Mosely determined that "[t]he powdered cocaine residue found in Mosely's wallet had nothing to do with the crack cocaine found concealed in the trunk of Mosely's automobile." Id. This is a critical distinction because, unlike in this case, "Mosely was not charged and convicted of trafficking by possession and possession of the same drugs." Id. Mosely's powdered cocaine was found in his wallet, while he separately possessed a much larger amount of crack cocaine that was concealed in the trunk of his car. In other words, the cocaine sold was not merely a portion of a larger amount possessed in the same form and the same place. Instead, it was a different form of cocaine kept in a separate location. Thus, the two convictions did not violate double jeopardy.

Here, in contrast, St. Louis's act of selling a portion of his cocaine stash, all of which emanated from a single source and location, could not factually support separate possession convictions for both the quantity sold and the quantity that

remained.  The resolution of this case is governed by <u>McGlorthon</u>, not <u>Mosely</u>.  Hence, we must vacate one of St. Louis's two possession convictions as violative of double jeopardy.  See <u>McGlorthon</u>, 908 So. 2d at 556.

As to the remedy, "when a defendant is found guilty for two offenses and adjudication of the defendant as guilty for both offenses would violate double jeopardy . . . the lesser offense . . . should be vacated."  <u>State v. Tuttle</u>, 177 So. 3d 1246, 1253 (Fla. 2015).  Here, the lesser offense is the simple possession conviction.  See <u>Pizzo v. State</u>, 945 So. 2d 1203, 1206 (Fla. 2006) (holding that lesser offenses "are those in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial" (quoting <u>State v. Florida</u>, 894 So. 2d 941, 947 (Fla. 2005))).

Accordingly, we vacate St. Louis's conviction and sentence for the third-degree felony of simple possession of cocaine and remand for resentencing using a corrected scoresheet.  We affirm the two remaining convictions in all other respects.

Affirmed in part, vacated in part, and remanded for resentencing.


SILBERMAN and SALARIO, JJ., Concur.