# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1015

_____

CEDRIC ROBINSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

May 17, 2018

PER CURIAM.

Appellant was convicted of numerous offenses, including sale, purchase, manufacture, or delivery of methamphetamine (count I) and possession of methamphetamine with the intent to sell (count II). His sole argument on appeal is that these two convictions violate double jeopardy. We disagree and affirm.

The double jeopardy clauses in the state and federal constitutions protect against (among other things) "multiple punishments for the same offense." *Lee v. State*, 223 So. 3d 342, 347 (Fla. 1st DCA 2017) (quoting *Ohio v. Johnson*, 467 U.S. 493, 498 (1984)). But, double jeopardy does not preclude separate convictions for offenses that occur in different criminal episodes or that are based on distinct acts. *Id.* at 348; *see also Sanders v.*

*State*, 101 So. 3d 373, 375 (Fla. 1st DCA 2012) ("If it is determined that the charged offenses occurred in different criminal episodes or constituted different acts, no further analysis is necessary and the separate offenses do not violate double jeopardy."). Additionally, "settled precedent establishes that an appellant may not be charged[1] with two separate offenses premised on his possession of the **same** contraband found in differing packages in the **same** location when the contraband is seized as part of the **same** search." *Godfrey v. State*, 947 So. 2d 565, 567 (Fla. 1st DCA 2006) (first emphasis in original, other emphasis added); *but see Mosely v. State*, 659 So. 2d 1342 (Fla. 5th DCA) (rejecting defendant's argument that double jeopardy precluded his dual convictions for possession of cocaine and trafficking in cocaine where the offenses were predicated on different forms of the drug—powdered and crack— found in different places in the defendant's car), *rev. denied*, 666 So. 2d 144 (Fla. 1995).

Here, unlike *Godfrey*, the record establishes that the offenses in counts I and II are based on *different* contraband found at *different* locations through *different* searches: count I was based on the liquid mixtures containing methamphetamine in "cook pots" at Appellant's house found pursuant to a search warrant obtained after Appellant's arrest on count II, which was based on the powdered methamphetamine found in Appellant's car earlier in the day when he was stopped by police after he left his house and met with someone in a pharmacy parking lot. Moreover,

---

[1] Presumably, the opinion meant to say "convicted," rather than "charged," because as Judge Winokur explained in his concurring opinion in *Lee*, "in the multiple punishment context, it is the *punishment* that implicates the protection against double jeopardy, not the criminal charges alone." 223 So. 3d at 361 (emphasis in original); *see also State v. Sholl*, 18 So. 3d 1158, 1162 (Fla. 1st DCA 2009) ("When an information contains two or more charges which amount to the same offense, '[d]ouble jeopardy concerns require only that the trial judge filter out multiple punishments at the end of the trial, not at the beginning.'") (quoting *Claps v. State*, 971 So. 2d 131, 134 (Fla. 2d DCA 2007)).

because the offenses involve different forms of methamphetamine found at different locations at different times, the record further establishes that the offenses involve different criminal episodes or distinct acts, or both. *See Lee*, 223 So. 3d at 348-50 (summarizing the factors to be considered when determining whether offenses arise in one or more criminal episode or are based on distinct acts). Accordingly, double jeopardy does not preclude Appellant's dual convictions on counts I and II.

AFFIRMED.

WETHERELL, RAY, and OSTERHAUS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Maria Ines Suber, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

3