921 So.2d 863 (2006)
Roman STANKIEWICZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1228.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
Helene Hvizd Morris, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
We affirm defendant's conviction against his argument of entrapment. The trial judge properly submitted the factual issues to the jury, and there is evidence supporting its resolution. There is no error in the denial of his motion to dismiss on grounds of entrapment.
As to the double jeopardy claim, we find that the evidence does not support the trial court's determination that there were two separate sales, during which defendant could have paused, reflected and intentionally committed an additional crime. See Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001) ("In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences." [c.o.]); Mijarez v. State, 889 So.2d 827, 828 (Fla. 4th DCA 2004) ("spatial and temporal aspects of the surrounding circumstances" must be analyzed to determine whether defendant had `time to pause, reflect, and form a new criminal intent between occurrences' [c.o.]).
The evidence shows that the two participants had not previously mentioned the quantity of cocaine. Their only discussion before the meeting was as to how much money the "buyer" (undercover officer) should bring to the meeting. Defendant told the buyer to bring $5,000 with him. When they finally met, defendant had arrived with two separate quantities of the *864 substanceone of 63 grams, the other of 10 grams. The buyer-detective attempted to purchase both quantities for the $5,000 but ultimately paid $500 more for the smaller one. This evidence is not enough to establish two separate crimes.
We therefore affirm a single conviction, reverse the sentences imposed and remand for resentencing to conform to this opinion.
Conviction Affirmed; Remanded for Resentencing.
GUNTHER, J., and DONNER, AMY STEELE, Associate Judge, concur.