969 So.2d 535 (2007)
Relyea Theartis RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6382.
District Court of Appeal of Florida, First District.
November 26, 2007.
Nancy A. Daniels, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Christine Ann Guard, Assistant Attorney General, and Judy A. Bone, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Convicted twice for possession of cocaine and twice for sale of cocaine within 1,000 feet of a place of worship, Relyea Theartis Richardson contends his right not to be convicted more than once for the same offense was twice violated. We conclude he is half right. As to the possession convictions, we agree there was a double jeopardy violation. But the jury was entitled to conclude that there were two, discrete sales. We affirm in part, reverse in part, and remand with directions to vacate appellant's sentences and one of his convictions for possession, and for resentencing.

I.
A confidential informant brought an undercover Alachua County sheriff's deputy with him to buy crack cocaine from appellant. The informant approached appellant's car window and gave him $100 (provided by the Sheriff's Office) in exchange for "about five or six rocks" of crack cocaine, then asked whether the appellant "wanted to sell [his] buddy some dope; some drugs." After an affirmative response, the deputy sheriff came over and purchased additional cocaine, handing over other money the Sheriff's Office had provided. Altogether, the deputy sheriff and *537 the informant purchased 0.9 grams of cocaine from Mr. Richardson. The sale to the informant took about 10 seconds. The second transaction occurred approximately 15 seconds later. Both exchanges were accomplished within 30 seconds.

II.
Two convictions for possession of cocaine at the same time and place violate double jeopardy principles. See Gibbs v. State, 698 So.2d 1206, 1209-10 (Fla.1997) (holding double jeopardy clause bars convictions both for "trafficking possession" and simple possession of the same quantum of cocaine); Wiggins v. State, 967 So.2d 417, 418 (Fla. 1st DCA 2007) (reversing one of two convictions for cocaine possession where the "[a]ppellant had a single quantum of cocaine from which he removed a portion and sold that portion to police"); Godfrey v. State, 947 So.2d 565, 567 (Fla. 1st DCA 2006) (reversing one of two convictions for possession of cocaine for possession of both a quantity of crack cocaine and a quantity of powder cocaine because "settled precedent establishes that [a defendant] may not be charged with two separate offenses premised on his possession of the same contraband found in differing packages in the same location when the contraband is seized as part of the same search"); McGlorthon v. State, 908 So.2d 554, 556 (Fla. 2d DCA 2005) (holding defendant's "act of handing over to the undercover detective a portion of the quantity of cocaine in the bag did not give rise to a separate possession of the portion [the defendant] relinquished"); Lundy v. State, 596 So.2d 1167, 1168 (Fla. 4th DCA 1992) (noting that "to hold that a separate possessory crime is committed for each packet or package of the controlled substance within an offender's possession at a given time and place . . . would lead to absurd scenarios, including the state's charging more counts for the same amount of narcotics only due to the increased number of small packages of that illegal substance"); Jackson v. State, 418 So.2d 456, 458 (Fla. 4th DCA 1982) (reversing dual convictions for possession of marijuana where some was on the defendant's person and some was in a jacket he was not wearing, holding that "for the purpose of double jeopardy, we fail to see how there can be a legal distinction between the produce leaving the peddler's hand or in his pocket and that still on the push cart").[1] The State concedes that the trial court erred in not dismissing one of the two possession counts.

III.
Appellant also argues that his two convictions for sale of cocaine within 1,000 feet of a place of worship punish him twice for the same offense and thus unconstitutionally subject him to double jeopardy. See Art. I, § 9, Fla. Const.; U.S. Const. amend. V; State v. Paul, 934 So.2d 1167, 1171 (Fla.2006). See also State v. Smith, 547 So.2d 613, 614 (Fla.1989) ("[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.") (quoting Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)). In determining whether multiple convictions violate double jeopardy principles, courts must ask whether the Legislature intended to recognize separate crimes. See Paul, 934 So.2d *538 at 1171-72; Cabrera v. State, 884 So.2d 482, 483-84 (Fla. 5th DCA 2004).
Absent a specific statement of legislative intent, the Legislature requires that courts apply the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See § 775.021(4), Fla. Stat. (2004); Paul, 934 So.2d at 1172; Cabrera, 884 So.2d at 483-84. Under the Blockburger test, whether multiple offenses occurred turns on "whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a `temporal break' between offenses." Paul, 934 So.2d at 1173 (quoting Murray v. State, 890 So.2d 451, 453 (Fla. 2d DCA 2004)); Russo v. State, 804 So.2d 419, 420-21 (Fla. 4th DCA 2001); Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001). See, e.g., Cabrera, 884 So.2d at 484 (concluding that dual convictions for lewd and lascivious behavior violated double jeopardy principles where "there was not a sufficient temporal break between the two acts . . . to have allowed [the defendant] time to pause, reflect and form a new criminal intent for each offense"); Russo, 804 So.2d at 422 (finding two convictions for aggravated assault violated double jeopardy where threatening victim with a beer bottle and swinging a shovel at the same victim occurred in one location in uninterrupted sequence); Gresham v. State, 725 So.2d 419, 420 (Fla. 4th DCA 1999) (holding that pointing gun at and stabbing the same victim occurred in uninterrupted sequence and constituted single criminal act). We are not concerned here with an uninterrupted assault on a single victim.
Although Richardson sold cocaine to two different individuals, both the confidential informant and the undercover agent were acting in concert and as agents of the same buyer, the Alachua County Sheriff's Office. Both transactions, moreover, were completed in one location and within 30 seconds. But "where a defendant commits two or more distinct criminal acts," double jeopardy principles "do[] not prohibit multiple convictions and punishments." Hayes v. State, 803 So.2d 695, 700 (Fla.2001); see also Paul, 934 So.2d at 1172 n. 3 (noting that "if two convictions occurred based on two distinct criminal acts, double jeopardy is not a concern"); Jackson v. State, 418 So.2d 456, 458 (Fla. 4th DCA 1982) ("To constitute double jeopardy, it is not enough that the second prosecution arises out of the same facts as the first, but the second prosecution must also be for the same offense.").
As Judge Cowart explained in Miles v. State, 418 So.2d 1070, 1072 (Fla. 5th DCA 1982), "[a]ny two offenses are `the same offense' within the constitutional double jeopardy prohibition if, (a) in law, both have the identical essential constituent elements or all of the essential constituent elements of one offense are entirely included in the essential constituent elements of the other offense, and, (b) in fact, both offenses relate to the exact same factual event." See Miles, 418 So.2d at 1072 (Cowart, J., concurring specially) (footnotes omitted). While Richardson's two convictions for sale of cocaine in violation of section 893.13(1)(e), Florida Statutes (2004), indisputably contain identical legal elements, the two convictions arise from two factually separate and distinct sales of cocaine, sales which may be punished separately without violating double jeopardy prohibitions.
The Fourth District's decision in Stankiewicz v. State, 921 So.2d 863 (Fla. 4th DCA 2006), to reverse one of two convictions for sale of cocaine on double jeopardy grounds is distinguishable. Stankiewicz involved the sale of cocaine to a single undercover officer. Prior to the meeting at which the sale occurred, Stankiewicz *539 and the officer had discussed how much money the officer should bring to the meeting ($5,000), but had not agreed on the exact amount of cocaine Stankiewicz would sell the officer. Stankiewicz, 921 So.2d at 863. Stankiewicz arrived with two separate quantities of cocaine. Id. at 863-64. After unsuccessfully attempting to purchase both quantities for $5,000, the officer paid Stankiewicz $5,500 for both quantities. Id. at 864. On appeal, the Fourth District reversed one of the sale convictions on double jeopardy grounds, holding that the "evidence does not support the trial court's determination that there were two separate sales, during which defendant could have paused, reflected and intentionally committed an additional crime." Id. at 863. As far as can be told from the opinion, all the cocaine and all the money were simultaneously exchanged.
The evidence here indicates that Mr. Richardson did have time to "pause[], reflect[,] and intentionally commit[] an additional crime" after his sale to the informant was fait accompli. Having completed one sale, he agreed to sell a separate quantity to the deputy sheriff for a separate, additional sum of money. He had enough time, albeit only seconds, to reflect on the second sale the informant proposed, and to decide to make a sale to the deputy sheriff, too. The two physically distinct sales to separate purchasers were not simultaneous. They constituted separate criminal acts that could be separately punished. See Blockburger, 284 U.S. at 302, 52 S.Ct. 180.
The Supreme Court held in Blockburger that two convictions for sale of morphine hydrochloride to a single purchaser did not violate the prohibition against double jeopardy, even though both sales were to the same purchaser "with no substantial interval of time between the delivery of the drug in the first transaction and the payment for the second quantity sold." Id. at 302, 52 S.Ct. 180.[2] The Court concluded that "[e]ach of several successive sales constitutes a distinct offense, however closely" one may follow the other, id. at 302, 52 S.Ct. 180, noting that "the first transaction, resulting in a sale, had come to an end" and that "[t]he next sale was not the result of the original impulse, but of a fresh one-that is to say, of a new bargain." Id. at 303, 52 S.Ct. 180. Similarly, Mr. Richardson engaged in two discrete transactions involving discrete physical deliveries both of drugs and of money. Their temporal proximity notwithstanding, the sales constituted separate criminal acts and support separate criminal convictions.

IV.
Accordingly, we reverse appellant's sentences and one of his convictions for possession of cocaine, and remand for resentencing. We affirm the remaining conviction for possession of cocaine, and both convictions for sale of cocaine.
ALLEN and DAVIS, JJ., concur.
NOTES
[1] Although the Fourth District receded from Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992) and Jackson v. State, 418 So.2d 456 (Fla. 4th DCA 1982) in Gibbs v. State, 676 So.2d 1001, 1002 (Fla. 4th DCA 1996) (en banc), the holdings in Jackson and Lundy regained their vitality when the supreme court later quashed the Fourth District's decision in Gibbs. See Gibbs v. State, 698 So.2d 1206 (Fla.1997).
[2] The Court noted that "[i]t appears from the evidence that, shortly after delivery of the drug which was the subject of the first sale, the purchaser paid for an additional quantity, which was delivered the next day." Blockburger v. United States, 284 U.S. 299, 301, 52 S.Ct. 180, 76 L.Ed. 306 (1932).