*619 BENTON, J.,
dissenting.
The scholarly majority opinion does not reject the notion that a single criminal episode gave rise to appellant’s convictions, and judiciously leaves open the possibility that a subsequent, better pleaded motion may ultimately afford appellant relief on this basis. But it affirms the denial of relief in the present case on what I view as an unwarranted application of the “tipsy coachman rule”: The court affirms because a technical defect in the motion appellant filed below meant the trial court was not under a duty to reach the merits of his claim. Even accepting the majority’s premise, the trial court did in fact reach the merits of the claim and decide the case on that basis. Because, in my judgment, the trial court decided the merits incorrectly, I would reverse and remand.
Absent circumstances not present in this case, discrete sales to different buyers of different portions of a seller’s store of cocaine constitute separate offenses for double jeopardy purposes, no matter how close in time they occur. See Richardson v. State, 969 So.2d 535, 537-38 (Fla. 1st DCA 2007). As the majority opinion explains, however, the question the trial court decided in the present case is not whether more than a single criminal offense was proven but whether more than a single “criminal episode” occurred, within the meaning of Hale v. State, 630 So.2d 521, 524-25 (Fla.1993). I disagree with the trial court’s conclusion that appellant’s sale of cocaine to the same individual, albeit in two lots, should be viewed as two distinct criminal episodes just because fourteen minutes separate the transfers. I would therefore remand for reconsideration of all pertinent facts of record, taking into account all of the circumstances identified as germane in Hale and its progeny. See Woods v. State, 615 So.2d 197, 199 (Fla. 1st DCA 1993); Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001). On this basis, I respectfully dissent.