PER CURIAM.
 

 Jonathan A. Stowe contends multiple convictions and sentences for possession of child pornography based on his possession of a single proscribed item violate constitutional prohibitions against double jeopardy. We accept this contention, reverse the convictions and sentences that constitute double jeopardy, and remand for resen-tencing on the remaining convictions. But we reject — on the authority of
 
 Rogers v. State,
 
 33 So.3d 805, 806 (Fla. 1st DCA 2010)—appellant’s argument that the trial court did not have jurisdiction, pursuant to section 943.0435, Florida Statutes (2006), to designate him a sexual offender.
 

 Mr. Stowe was charged with eighteen counts of possession of child pornography, in violation of section 827.071(5), Florida Statutes (2006), which provides:
 

 It is unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child. The possession of each such photograph, motion picture, exhibition, show, representation, or presentation is a separate offense.
 

 He entered an open plea of no contest on all eighteen counts, and was convicted on all eighteen counts.
 
 [1]
 
 At issue here are his convictions on counts four through ten and count fifteen.
 

 “Both the Florida Constitution, Art. I, § 9, Fla. Const., and the federal Double Jeopardy Clause, applicable by virtue of the Fourteenth Amendment,
 
 Benton v. Maryland,
 
 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), forbid redundant convictions for the same offense.”
 
 Henry v. State,
 
 707 So.2d 370, 371 (Fla. 1st DCA 1998). A double jeopardy violation constitutes fundamental error, which may be raised for the first time on appeal.
 
 See Grant v. State,
 
 770 So.2d 655, 657 n. 4 (Fla.2000);
 
 Kilmartin v. State,
 
 848 So.2d 1222, 1224 (Fla. 1st DCA 2003). Mr. Stowe has not waived the right to argue double jeopardy on this direct appeal.
 
 See Novaton v. State,
 
 634 So.2d 607, 609 (Fla.1994);
 
 Godfrey v. State,
 
 947 So.2d 565, 567 (Fla. 1st DCA 2006). In fact, he filed a Rule 3.800(b) motion challenging his sentences on double jeopardy grounds, which the trial court denied.
 

 “In determining whether multiple convictions violate double jeopardy principles, courts must ask whether the Legislature intended to recognize separate crimes.”
 
 Richardson v. State,
 
 969 So.2d 535, 537 (Fla. 1st DCA 2007). The parties
 
 *1017
 
 agree that the convictions and sentences on counts four through ten and count fifteen are each based on a single “Windows Media Video” or “wmv” that the parties describe as analogous to a motion picture. We reject the state’s contention that Mr. Stowe was properly convicted and sentenced on multiple counts because multiple children are depicted in the “wmv.” The statute makes it unlawful knowingly to possess “a ... motion picture” or “presentation.” The Legislature designated “each such ... motion picture” or “presentation” the “unit of prosecution.”
 
 [2]
 
 The language of the statute does not contemplate a separate conviction for each child depicted in a single photograph, motion picture, exhibition, show, representation, or other presentation.
 
 See Crosby v. State,
 
 757 So.2d 584, 585 (Fla. 2d DCA 2000) (“Subsection (5) [of section 827.071] expressly states that possession of each
 
 article
 
 shall constitute a separate offense.”) (emphasis supplied). Mr. Stowe was properly convicted and sentenced on only one count, not on eight,' for possessing a single “wmv.”
 

 Accordingly, we affirm appellant’s sexual offender designation, reverse his convictions and sentences on counts five, six, seven, eight, nine, ten and fifteen, vacate his sentences on the remaining counts, and remand for resentencing on the remaining counts.
 
 See State v. Anderson,
 
 905 So.2d 111, 112 (Fla.2005).
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 BENTON, C.J., LEWIS, and WETHERELL, JJ., concur.
 

 [1]
 

 . Based on eighteen convictions, his score-sheet established a sentencing range of 68.85 to 90 months' imprisonment. He was sentenced to consecutive terms of 48 months' imprisonment and 20.85 months imprisonment on counts one and two, followed by probation on counts three through eighteen.
 

 [2]
 

 .
 
 See Bell v. United States,
 
 349 U.S. 81, 83-84, 75 S.Ct. 620, 99 L.Ed. 905 (1955).