330 So.2d 244 (1976)
Dannie Lee BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 75-25.
District Court of Appeal of Florida, Second District.
April 14, 1976.
Rehearing Denied May 7, 1976.
Jack O. Johnson, Public Defender, Bartow, and Ellen Condon, Asst. Public Defender, *245 E.C. Watkins, Jr., Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant was placed on probation after pleading guilty to breaking and entering with intent to commit a misdemeanor. Later he was tried and acquitted for rape. He was then charged with probation violations arising from the same incident. A probation revocation hearing was held and testimony was taken as to the violation. Appellant denied the allegations. The court revoked probation and sentenced appellant to five years imprisonment.
At this point appellant accused the court of railroading him, and called the judge an obscene name. When asked why he should not be held in contempt, appellant continued to vilify the court and suggested the court charge him with a second contempt. The court accepted his suggestion. Appellant continued his outburst, expanding his original description of the judge and offering to assault the judge if his handcuffs were removed. By the time appellant ceased his performance he had accumulated six counts of contempt. He was summarily convicted of six separate acts of contempt of court and sentenced to six months imprisonment for each offense. The sentences were to run consecutively for a total of 36 months.
Appellant contends it was improper to revoke his probation after his acquittal on the rape charge since the violations for which he was charged were related to that crime. The point is without merit. Russ v. State, Fla. 1975, 313 So.2d 758.
Appellant also challenges the propriety of the trial judge, who was personally reviled, failing to disqualify himself from the contempt proceedings and of the failure of the trial judge to give appellant the opportunity for a jury trial. We do not reach the constitutional questions raised since an examination of the trial transcript reveals that appellant was guilty of but a single contempt. The six "contempts" were not individual acts but were a single outburst by the appellant that was interrupted only by the court interjecting itself long enough to inform the appellant that he had committed yet another act of contempt. While the outrageous conduct of the appellant cannot be allowed to go unpunished, it was error to convict him of six separate acts of contempt. Accordingly, we vacate five of the judgments and convictions for contempt. Summary judgment of direct contempt is permissible without a jury trial where a sentence of no more than six months is imposed. Codispoti v. Pennsylvania, 1974, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912; Mayberry v. Pennsylvania, 1971, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532. Appellant was adequately informed of the charge and given an opportunity to be heard. This was in substantial compliance with RCrP 3.830. See Saunders v. State, Fla.App. 1 St. 1975, 319 So.2d 118.
Accordingly, we affirm the revocation of probation, the judgment and sentence on the first contempt, and vacate the last five judgments and sentences of contempt.
McNULTY, C.J., and GRIMES, J., concur.