FRANK, Judge.
The appellant challenges an order, entered pursuant to Rule 3.830 of the Florida Rules of Criminal Procedure, adjudicating him guilty of four acts of direct criminal contempt for which he received a sentence of four consecutive six-month terms.[1] The appellant pleaded guilty to three of the four acts of contumacy. The appellant contends he was entitled to a jury trial for the reason that the aggregated sentences exceeded six months. See Aaron v. State, 345 So.2d 641 (Fla.1977). We disagree and affirm the determinations of guilt. The sentences are also affirmed with the exceptions dealt with below.
Contrary to the appellant’s claim that his behavior in the presence of the court constituted but a single act, thus rendering a sentence without a jury trial in excess of six months constitutionally impermissible, the trial court correctly concluded that four temporally distinct episodes of contumacious conduct occurred, i.e. the expression of an obscenity directed to the court at or near the courtroom’s doorway, the repetition of the obscenity when the appellant was brought into the courtroom, and two separate acts of kicking “buckets of files” from the clerk’s desk. Here, unlike the factual setting in Butler v. State, 330 So.2d 244 (Fla. 2d DCA 1976), it cannot be said that the appellant’s actions may be treated as a single act. The record discloses they plainly were not. Moreover, the physical and verbal outbursts did not occur in the context of a verbal contest between the court and the contemnor which would in any degree warrant a belief that the court provoked the conduct forming the basis for the judgments of guilt and the separate sentences. Cf. Skelton v. Beall, 133 So.2d 477 (Fla. 3d DCA 1961).
The appellant properly points out, however, that the trial court failed to set forth facts in the judgments upon which the adjudications of guilt are based. Osborne v. State, 430 So.2d 551 (Fla. 2d DCA 1983), requires that the technical error be corrected.
Finally, one of the court’s sentencing orders erroneously imposes a sentence “for a term of Hillsborough.” It is obvious that a typographical error occurred. Upon remand, the written sentence as to paragraph 4 of the charging instrument should be corrected to conform to the trial court’s oral pronouncement of a term of six months to be served consecutively on each of the four paragraphs of that instrument.
Accordingly, we affirm the sentences and remand for the correction of the technical errors in accordance with this opinion.
OTT, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.

. Notwithstanding that the trial court initiated the contempt proceeding under Rule 3.830, it neither adjudicated nor punished the acts of contumacy summarily. Rather, the trial court accorded the appellant the procedural safeguards provided in Rule 3.840.