523 So.2d 1185 (1988)
B.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 87-173.
District Court of Appeal of Florida, Second District.
March 23, 1988.
Rehearing Denied April 25, 1988.
James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The juvenile appellant, B.M., has appealed from an order holding him in direct criminal contempt. We affirm in part and reverse in part.
The conduct giving rise to the contempt charges occurred at the conclusion of a proceeding in which the trial court ordered that accusations against B.M. should be tried in the adult division. After the court's pronouncement and the calling of the next case, B.M. muttered two obscenities which inspired the trial court then and there to find B.M. guilty of contempt and immediately sentence him to ninety days in jail. B.M. reacted by sticking his tongue *1186 out at the judge, an event which occasioned the following dialogue:
THE COURT: All right. We will make it a hundred and twenty days for sticking your tongue out.
THE DEFENDANT: Make it five hundred days.
THE COURT: All right. Make it five hundred.
The trial court then found that B.M. had committed two additional contemptuous acts and sentenced him to a total of 450 days.
B.M. first challenges the court's failure to follow the procedural dictates of Rule 3.830, Florida Rules of Criminal Procedure, which requires the judge, prior to a contempt adjudication, to inform the defendant of the accusation against him, to inquire whether he has cause to show why he should not be guilty of contempt, and to allow him to present evidence of mitigating circumstances. The contention has a hollow ring. B.M. cannot claim that he was not fully cognizant of the accusations against him and the reasons for the judge's announcement that he was to be held in contempt. The transcript of the proceeding supports the judge's action. We adhere to the principle enunciated in Saunders v. State, 319 So.2d 118, 124 (Fla. 1st DCA 1975), in which a defendant was held in contempt for a similar outburst of profanity: "A step-by-step recitation of each provision of the subject procedural rule is not requisite upon the trial judge. The record of the proceeding when taken in its totality is the scale upon which fundamental rights must be weighed."
Although we find no fault in the procedure that led to B.M.'s punishment, it is our view that the judge erroneously adjudicated him guilty of three separate instances of contumacious behavior. The events evolved in a manner strikingly similar to those in Butler v. State, 330 So.2d 244 (Fla. 2d DCA 1976). In Butler the defendant was charged with six separate counts of contempt for using profanity and threatening to assault the judge. We concluded that "[t]he six `contempts' were not individual acts but were a single outburst by the appellant that was interrupted only by the court interjecting itself long enough to inform the appellant that he had committed yet another act of contempt." 330 So.2d at 245. The transcript before us reveals that B.M. and the judge engaged in a continuous episode of sparring, during which B.M. conducted himself in a profane and disrespectful manner. By contrast, we emphasized in Tenorio v. State, 462 So.2d 880, 881 (Fla. 2d DCA 1985), that "four temporally distinct episodes of contumacious conduct occurred" at various locations within the courtroom, thus giving rise to four separate contempt adjudications. Here, however, the judge should have held B.M. guilty of but one act of contempt. The enlarged sentence must be vacated upon remand and the punishment imposed upon B.M. confined to the original sentence of 90 days. This finding renders moot any issue arising from B.M.'s contention that the judge's written order did not comport with the oral sentencing pronouncements.
Accordingly, this matter is remanded for the entry of an order consistent with this opinion.
RYDER, A.C.J., and HALL, J., concur.