549 So.2d 1186 (1989)
Salvatore J. RICCI, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03416.
District Court of Appeal of Florida, Second District.
October 13, 1989.
*1187 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Salvatore Ricci appeals an order of the circuit court adjudging him guilty of three separate incidents of direct criminal contempt. We affirm in part and reverse in part.
Ricci was cited for contempt during the course of a hearing on his motion to disqualify the trial judge from further involvement with Ricci's pending criminal charges. Having failed to prevail, Ricci directed an obscene comment to the judge. The latter responded, "Okay, Mr. Ricci, I believe you are in direct contempt of court." This observation was met with a second and equally profane remark, whereupon the judge addressed defense counsel: "All right, Mr. Watts, I believe there should be no reason to show cause why he should not be sentenced to two direct contempts of court." Defense counsel suggested none, and the court promptly imposed consecutive six-month sentences. Immediately thereafter the bailiff related that Ricci "just threatened to kick your ass." Although trial counsel argued that this last remark was "mumbled to himself" and so was not "on the record," the judge appears to have accepted the prosecutor's suggestion that "[i]t is direct criminal contempt if it is made while court is in session," and imposed a third, consecutive six-month sentence.
We agree with Ricci that multiple punishments are not justified in light of our prior decisions in B.M. v. State, 523 So.2d 1185 (Fla. 2d DCA 1988), and Butler v. State, 330 So.2d 244 (Fla. 2d DCA 1976). Basically Ricci, in indicating his displeasure with the trial court's ruling, engaged in "a single outburst ... that was interrupted only by the court interjecting itself long enough to inform [him] that he had committed yet another act of contempt." 523 So.2d at 1186. We therefore remand this case to the trial court with directions to vacate the second and third adjudications of contempt and the sentences imposed therefor. The initial finding of contempt and six-month sentence are affirmed.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, C.J., and LEHAN and THREADGILL, JJ., concur.