599 So.2d 255 (1992)
Lester WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2787.
District Court of Appeal of Florida, First District.
May 27, 1992.
*256 Louis O. Frost, Jr., Public Defender, James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant challenges his judgment and sentence for indirect criminal contempt for violation of an injunction. He also challenges two judgments and sentences for direct criminal contempt for two profane comments directed at the trial court after he had been sentenced for the indirect contempt. We affirm in part and reverse in part.
The state concedes the judgment and sentence entered for appellant's violation of an injunction must be reversed because appellant was required to represent himself against his wishes following the withdrawal of the public defender. Without further discussion, we reverse the judgment of conviction for violation of the injunction, vacate the sentence, and remand.
As for the judgments of direct criminal contempt, we hold the trial court erred in finding appellant guilty of two instances of contempt rather than one. In Butler v. State, 330 So.2d 244, 245 (Fla. 2d DCA), cert. denied, 429 U.S. 863, 97 S.Ct. 168, 50 L.Ed.2d 142 (1976), the court held that only a single adjudication of contempt is appropriate when multiple contumacious comments can be viewed as a "single outburst." See also, Duff v. Southern Bell Telephone & Telegraph Co., 386 So.2d 253 (Fla. 5th DCA 1980), B.M. v. State, 523 So.2d 1185 (Fla. 2d DCA 1988), Ricci v. State, 549 So.2d 1186 (Fla. 2d DCA 1989), and Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992). A review of the transcript reveals that appellant's two statements of profanity, which were virtually identical and separated in time only long enough for the trial court to find appellant guilty of contempt, are properly viewed as a single instance of contempt. Accordingly, we affirm the first of the direct contempt convictions, but reverse the second, and vacate the sentence therefor.
AFFIRMED in part, REVERSED in part.
ZEHMER and WEBSTER, JJ., concur.