**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lawrence MURPHY, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Lawrence Murphy, Defendant–**
**Appellant.**

**Nos. 02–4005, 02–4006.**

United States Court of Appeals,
Fourth Circuit.

Argued: Feb. 27, 2003.

Decided: April 16, 2003.

---

**6.** In light of this holding, we must also hold the district court erred in awarding costs and attorney's fees to Ms. Fawcett.

**ARGUED:** Jeanette Doran Brooks, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Michael Gordon James, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before WILKINS, Chief Judge, MOTZ, Circuit Judge, and BEAM, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Vacated by published opinion. Chief Judge WILKINS wrote the opinion, in which Judge DIANA GRIBBON MOTZ and Senior Judge BEAM joined.

**OPINION**

WILKINS, Chief Judge:

Lawrence Murphy appeals a district court order adjudging him guilty of three counts of criminal contempt. Murphy argues that his actions constituted only a single contempt offense. We vacate two of the contempt convictions and sentences.

I.

Murphy pleaded guilty to one count of distributing cocaine base ("Count Nine") and one count of using a firearm during a drug trafficking crime ("Count Ten"). At Murphy's sentencing hearing, the district court sentenced him to 130 months impris-

onment—seven months less than the guidelines maximum—on Count Nine and a consecutive term of 60 months on Count Ten. At the conclusion of the hearing, the following exchange occurred:

MURPHY: You should have just gave me the other damn seven—the other seven months is what you should have did, stinky mother fucker.

THE COURT: Mr. Benya—Mr. Murphy, you are summarily found in contempt of this court—

MURPHY: Just give me the other seven months.

THE COURT: You're summarily found to be in contempt of this court. I sentence you to six months to be served consecutive to any other sentence imposed.

MURPHY: You should have just gave me the other seven months is what you should have done.

THE COURT: Mr. Murphy, I find you again in contempt of this court and you're now summarily found in contempt for a second time and you'll serve an additional six months consecutive to any sentence—

MURPHY: What about that? What about that? Serve that, mother fucker. . . .

THE COURT: Mr. Stone, just a minute. Mr. Murphy—

MURPHY: Bye.

THE COURT: You just gave the finger to the court. That will be a third contempt of court and that's six—

MURPHY: Add another one to it.

THE COURT:—six more months at the end of your sentence. Well, that's a quick year and a half.

J.A. 57–58. In a written order, the district court noted that Murphy initiated the exchange, shouting in a loud and agitated voice even as marshals attempted to remove him from the courtroom. The court found that Murphy's conduct constituted three separate instances of contempt, and sentenced him to three separate six-month terms to be served consecutively to the sentence he was already serving.

## II.

■ The Supreme Court has long recognized the authority of federal courts "to impose silence, respect, and decorum, in their presence." *Anderson v. Dunn,* 19 U.S. (6 Wheat.) 204, 227, 5 L.Ed. 242 (1821). Without this authority, "judicial tribunals would be at the mercy of the disorderly and violent, who respect neither the laws enacted for the vindication of public and private rights, nor the officers charged with the duty of administering them." *In re Terry,* 128 U.S. 289, 313, 9 S.Ct. 77, 32 L.Ed. 405 (1888). One tool courts use to maintain order is their power to summarily convict for criminal contempt. This authority derives from 18 U.S.C.A. § 401, which provides in relevant part:

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice. . . .

18 U.S.C.A. § 401 (West 2000); *see also* Fed.R.Crim.P. 42(b) ("Notwithstanding any other provision of these rules, the court . . . may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies. . . .").[1]

---

**1.** Rule 42 has been amended since Murphy's sentencing, but the pre-amendment rule contained language equivalent in substance to the quoted language.

■ Murphy does not dispute that his conduct rose to the level of criminal contempt of court. Rather, he argues that the district court erred in convicting him of, and sentencing him for, three separate contempt offenses. This argument requires us to determine "[w]hat Congress has made the allowable unit of prosecution" under 18 U.S.C.A. § 401. *Bell v. United States*, 349 U.S. 81, 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955) (internal quotation marks omitted). We review this question of statutory interpretation de novo. *See Holland v. Pardee Coal Co.*, 269 F.3d 424, 430 (4th Cir.2001), *cert. denied,* —— U.S. ——, 123 S.Ct. 986, 154 L.Ed.2d 892 (2003).

■ To determine whether Murphy's actions justified multiple convictions, we must examine the statutory language.[2] *See United States v. Dunford*, 148 F.3d 385, 389 (4th Cir.1998). The key term here, "misbehavior," provides little guidance. Murphy's outburst—which took up less than a full page of the transcript and was interrupted only by the judge's pronouncements of contempt—could reasonably be described either as a single instance of misbehavior or as multiple instances.[3] *See United States v. Seale*, 461 F.2d 345, 354 (7th Cir.1972) ("There is hardly anything inevitable about whether disruptive activity occurring during the course of a single trial is viewed as a continuous course of conduct or as a series of isolated instances...."). We therefore conclude that § 401 is ambiguous with regard to the allowable unit of prosecution and that the rule of lenity dictates that the ambiguity be resolved in Murphy's favor. *See Bell,* 349 U.S. at 83–84, 75 S.Ct. 620; *Dunford,* 148 F.3d at 390. Thus, we vacate two of the three contempt convictions and sentences. *See Dunford,* 148 F.3d at 396.

■ In reaching this result, we are sensitive to the long-recognized "potential for abuse in exercising the summary power to imprison for contempt" and the need to "avoid arbitrary or oppressive conclusions" in the exercise of this authority. *Bloom v. Illinois,* 391 U.S. 194, 202, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968) (internal quotation marks omitted); *cf. Yates v. United States,* 355 U.S. 66, 73–74, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957) (holding that defendant's refusal to answer several questions on the same subject constituted a single contempt offense).

We also note that our result is consistent with the results reached by the majority of state courts addressing similar facts. *See Williams v. State,* 599 So.2d 255, 256 (Fla.Dist.Ct.App.1992) (holding that facts similar to present case constituted only one contempt offense); *State v. Lingwall,* 637 N.W.2d 311, 314–15 (Minn.Ct.App. 2001) (same); *cf. State v. Bullock,* 576 So.2d 453, 458 (La.1991) (holding on similar facts that judge should have imposed concurrent, rather than consecutive, sentences, although judge properly found multiple contempt offenses); *Johnson v. State,*

---

**2.** Legislative history may also reveal congressional intent. *See United States v. Johnson,* 612 F.2d 843, 845 (4th Cir.1979). Here, however, no legislative history addresses the issue before us.

**3.** We note that if the statute provided for punishment of each disrespectful action or statement in a single colloquy, a defendant could conceivably amass decades of prison time in a matter of minutes as the result of a prolonged diatribe. Of course, a district court need not resort to multiple contempt convictions to end such contemptuous behavior. Under appropriate circumstances, the court may instead remove a litigant from the courtroom. *See Illinois v. Allen,* 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

100 Md.App. 553, 642 A.2d 259, 263–64 (Md.Ct.Spec.App.1994) (holding that series of insults interrupted only by judge's pronouncements that defendant was guilty of contempt constituted only one contempt offense because judge arguably provoked defendant instead of attempting to defuse situation); *State v. Harker*, 8 Neb.App. 663, 600 N.W.2d 488, 494–95 (1999) (holding unconstitutional a total sentence exceeding six months for multiple summary contempt convictions on facts similar to present case); *Commonwealth v. Williams*, 753 A.2d 856, 864–65 (Pa.Super.Ct.2000) (holding that verbal insult and contemporaneous hand gesture constituted only one contempt offense). *But see Jackson v. Bailey*, 221 Conn. 498, 605 A.2d 1350, 1356–57 (1992) (upholding multiple convictions and consecutive sentences on facts similar to present case). Although these decisions do not interpret the *federal* contempt statute, we nevertheless find them instructive.

### III.

In sum, because we conclude that Murphy's actions constituted only a single offense under 18 U.S.C.A. § 401, we vacate two of Murphy's three contempt convictions and sentences.

*VACATED*