PER CURIAM.
 

 Karl Alan Schoenwalder (Petitioner) filed a petition for writ of habeas corpus challenging the trial court’s imposition of a ninety-day sentence for Petitioner’s direct criminal contempt. Petitioner argues that his actions did not rise to the level of a criminal contempt and that he is being illegally detained because of a denial of due process under Florida Rule of Criminal Procedure 3.830. We agree in part.
 

 Petitioner’s conduct clearly constituted a direct criminal contempt of the court. A review of the audio recording of the hearing held below reveals that Petitioner utilized his arraignment on criminal charges to advance his personal agenda and to usurp the objective of the proceedings. Upon being castigated by the trial court for this behavior, Petitioner continued to interrupt the court and to regale all present with his beliefs regarding testimony, oaths, affirmations and appearance for his arraignment.
 

 While we agree with the trial court that Petitioner’s unacceptable behavior constituted a criminal contempt of the court, we must grant Petitioner’s request for relief based on the inadequacy of the contempt hearing. Before being adjudicated guilty of his contemptible behavior, Petitioner was entitled to “the opportunity to present evidence of excusing or mitigating circumstances.”
 
 [1]
 
 Fla. R. Crim. P. 3.830. Petitioner did not receive this opportunity. Beyond a perfunctory request whether there was just cause not to hold Petitioner in contempt, the trial court did not provide Petitioner with the opportunity to present evidence of excusing or mitigating circumstances. A trial court’s failure to afford a defendant this opportunity constitutes fundamental error.
 
 See Garrett v. State,
 
 876 So.2d 24 (Fla. 1st DCA 2004).
 

 In light of the trial court’s omission, the petition for habeas corpus relief is granted to the extent that the trial court shall hold a proper proceeding as mandated by the rule and allow Petitioner the opportunity to present evidence excusing or mitigating the circumstances of his behavior.
 

 PETITION GRANTED and REMANDED WITH INSTRUCTIONS.
 

 SAWAYA, MONACO and EVANDER, JJ., concur.
 

 [1]
 

 . A subsequent hearing was held on August 9, 2011, upon the defense’s motion for superse-deas bond and to argue that contempt was improper. At that proceeding, the court simply stated that a review of the contempt proceeding would be conducted; it did not afford Petitioner an opportunity to present excusing or mitigating circumstances with regard to the contempt.