MAY, J.
A juvenile appeals a detention order, placing him in secure detention for contempt of court. He argues the court committed fundamental error in failing to follow the due process requirements of Florida Rule of Juvenile Procedure 8.150(a). We agree and reverse.
The State charged the juvenile with possession of a firearm by a minor and making a false report of a crime. The juvenile entered an open, no-contest plea, and the trial court set the case for a disposition hearing. The Department of Juvenile Justice recommended probation, but the State sought a residential commitment program. The trial court adjudicated the juvenile delinquent, committed him to a moderate risk commitment program, and ordered him to appear in court two days later for a pre-commitment physical examination.
When the juvenile returned for the physical, the following exchange took place:
THE COURT: Why were you late this morning?
THE JUVENILE: I wasn’t late. I’ve been here.
THE COURT: Any reason why I shouldn’t hold you in contempt of court for the way you’re acting? Any reason? All right. I’ll hold you in direct contempt of court. Five days in the detention center for acting disrespectful to the Court. Go ahead and take him down. And do his, his physical.
*523 The trial court entered a written detention order detaining the juvenile for five days “for being disrespectful to the court when asked why he was late for court.” From this order, the juvenile appeals.
We review a direct criminal contempt order for an abuse of discretion. G.G.J. v. State, 28 So.Bd 239, 240 (Fla. 4th DCA 2010).
“Contempt is an act which is calculated to embarrass, hinder, or obstruct the trial court in the administration of justice or which is calculated to lessen its authority or dignity.” M.W. v. Lofthiem, 855 So.2d 683, 684 (Fla. 2d DCA 2003). “Contempt does not exist just because a judge feels aggrieved or vexed.” McRoy v. State, 31 So.3d 273, 274 (Fla. 5th DCA 2010) (citing Via v. State, 633 So.2d 1198, 1198 (Fla. 2d DCA 1994)).
Florida Rule of Juvenile Procedure 8.150(a) controls direct contempt proceedings for juveniles. It provides:
[Direct] contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the court shall inform the person accused of the accusation and inquire as to whether there is any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The accused shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the court and entered of record. Sentence shall be pronounced in open court.
(Emphasis added).
“Purely conclusory statements will not meet the requirement of a recitation of facts.” McRoy, 31 So.3d at 274. Here, the detention order recited only “for contempt of court for 5 days for being disrespectful to the court when asked why he was late for court.” This was insufficient to comply with Rule 8.150(a). J.AH. v. State, 20 So.3d 425, 427 (Fla. 1st DCA 2009) (contempt order “ ‘based on his statements, demeanor, and behavior during [the] hearing’” did not comply with rule 3.830).
The court also failed to give the juvenile “the opportunity to present evidence of excusing or mitigating circumstances.” “Merely asking the defendant if he wishes to explain his behavior does not meet the procedural requirement that he be given an opportunity to present evidence.” Searcy v. State, 971 So.2d 1008, 1014 (Fla. 3d DCA 2008) (citing O’Neal v. State,. 501 So.2d 98, 100 (Fla. 1st DCA 1987)). Here, the trial court simply asked, “Any reason why I shouldn’t hold you in contempt of court for the way you’re acting? Any reason? All right. I’ll hold you in direct contempt of court.”
There may have been other contemptuous nonverbal actions on the part of the child, but the record does not reflect them. We also note that no judgment was entered as required by Rule 8.150(a). On the record before us, we must reverse and remand the case for the court to vacate the contempt order.

Reversed and Remanded.

STEVENSON and GERBER, JJ., concur.