CIKLIN, C.J.
Stuart M. Golant (“Mr. Golant”) appeals the order finding him in direct criminal contempt and fining him $500. We agree with Mr. Golant that the trial court did not follow the correct procedure before holding him in contempt, and we reverse and remand for further proceedings. We find that Mr. Golant’s remaining arguments lack merit, and we decline to address them.
This matter arises out of foreclosure proceedings before Judge Howard H. Harrison. The homeowners were represented by Margery E. Golant (Ms. Golant), Mr. Golant, and another attorney. During a pre-trial hearing held in November 2014, Ms. Golant asserted that she had filed an answer on behalf of the homeowners. The bank’s attorney stated that he never received the answer, and that no answer had been filed during the ten-day extension previously granted by the trial court. The trial court confirmed that the case was set for trial and the following exchange then occurred among Ms. Golant, Mr. Golant, and the trial court:
Ms. Golant: Your Honor, it’s not at issue.
Court: January 7, 9:30, ten days.
Ms. Golant: It’s not at issue, Your Hon- or. We filed a counterclaim.
Court: The next case is—
Mr. Golant: Move to recuse. Your Honor, I request time to file a motion to recuse.
Ms. Golant: You can’t set a case for trial that’s not at issue, Your Honor,
Court: Appellate law.
Mr. Golant: It’s all appellate law.
Court: Could you clear the front of the courtroom, please?
Mr. Golant: Your Honor, you are depriving my client of—•
Court: I am not.
Mr. Golant: You are refusing to hear us, and you’re not even letting us make a record for appeal.
Court: Step back. Step back or you will be held in contempt of court.
Mr. Golant: I’m not in contempt of court.
Court: Sir, step up to the podium. Step up to the podium. Show cause why you should not be held in contempt of court.
Mr. Golant: Everybody is telling me different things.
Court: Show cause why you should not be held in contempt of court. You can file motions anytime you want. I want to know why you acted the way you acted.
Mr. Golant: How did I act, Your Honor?
Court: You acted disrespectful to the court, disrespectful to the people that are here.
Mr. Golant: Specifically, Your Honor. I don’t understand.
*948 Court: You don’t understand? Then I find you in contempt of court and fine you $500.
Mr. Golant: Your Honor, I’m entitled to notice and a hearing.
Court: Remove him from the courtroom, please.
About a month after this first hearing, the trial court entered an order scheduling a second hearing in the contempt matter. The order provided the following: ■
Stuart M. Golant was found in contempt of court and assessed a $500.00 fine following his actions before this Court on November 14, 2014. A recording is required to hold a party in contempt of court.... Here, no transcript of the proceedings was taken. As such, this Court will hold a hearing on the finding of contempt. Stuart M. Golant is advised to show cause at this hearing as to why he should not be found in contempt of court and is to present any evidence of circumstances justifying mitigation of such a finding.
Before the hearing, Mr. Golant filed a transcript of the original November contempt hearing and also filed a motion to disqualify Judge Harrison. Mr. Golant failed to appear for the second hearing, sending an attorney on his behalf. The attorney argued that Mr. Golant did not need to show cause, as the transcript did not establish any contemptuous behavior. The trial court then explained that Mr. Golant had refused to leave the front of the courtroom after the court had ruled that the case was set for trial. The trial court further explained that Mr. Golant swung and swore at the deputy who was attempting to escort him out of the courtroom.
The court ordered Mr. Golant to appear for a third hearing that afternoon. When the third hearing convened, the court asked Mr. Golant to show cause, but he declined. The court reaffirmed its order of contempt.
“An appellate court reviews an order of direct criminal contempt under an abuse of discretion standard.” G.G.J. v. State, 28 So.3d 239, 240 (Fla. 4th DCA 2010). Florida Rule of Criminal Procedure 3.830 governs direct criminal contempt proceedings and provides as follows in pertinent part:
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances.
“We have consistently held that strict compliance with Rule 3.830 is necessary to safeguard procedural due process.” Berman v. State, 751 So.2d 612, 613 (Fla. 4th DCA 1999). “A recital has been defined as a ‘retelling in detail; a narration.’ ” J.A.H. v. State, 20 So.3d 425, 427 (Fla. 1st DCA 2009) (quoting Johnson v. State, 584 So.2d 95, 96 (Fla. 1st DCA 1991)). Here, at the first hearing, the trial court asked Mr. Golant why he shouldn’t be held in contempt for “aet[ing] the way you acted.” When Mr. Golant asked for clarification, the court explained, “You acted disrespectful to the court, disrespectful to the people that are here.” When Mr. Golant again asked for clarification, the court found him in contempt.
*949 Although it may have been obvious to the trial court and perhaps Mr. Golant how his conduct was contemptuous, the court’s characterization of Mr. Golant’s behavior as “disrespectful” did not amount to the required notice of the accusation against Mr. Golant, rendering his opportunity to show cause meaningless. See A.W. v. State, 137 So.3d 521, 523 (Fla. 4th DCA 2014) (finding that the trial court did not comply with the juvenile procedure counterpart to Rule 3.830 where the court “simply asked, ‘Any reason why I shouldn’t hold you in contempt of court for the way you’re acting?’ ”).
The trial court attempted to remedy the deficiency when it held the second hearing and provided a detailed recitation of the nature of the contemptuous behavior. However, Mr. Golant was not present at that hearing. The court then gave Mr. Golant another opportunity to appear and to show cause, but at the third hearing, the court failed to put Mr. Golant on notice of the details of the contemptuous behavior before asking him to show cause.
Based on the procedural defects in the contempt proceedings, we have no choice but to reverse and remand for a new hearing. See Martin v. State, 711 So.2d 1173, 1175 (Fla. 4th DCA 1998),

Reversed and remanded for further proceedings.

LEVINE and FORST, JJ., concur.