IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARTHELL RANDALL,

      Appellant,

 v.                                           Case No.  5D15-3683

WILLIE CARL GRIFFIN, JR.,

      Appellee.

_____/

Opinion filed November 10, 2016

Appeal from the Circuit Court
for Orange County,
Sally D. M. Kest, Judge,
Patricia L. Strowbridge, Judge

Marthell Randall, Orlando, pro se.

No Appearance for Appellee.


EDWARDS, J.

      Marthell Randall ("Appellant") appeals the trial court's order of contempt against Willie Carl Griffin, Jr. ("Appellee").  Appellant asserts that the trial court erred in failing to impose conditions to enforce its order of contempt.  We reverse for further proceedings because the trial court erred when it refused to consider Appellant's timely motion for rehearing, which requested inclusion of enforcement provisions.

In 2010, the trial court entered a child support order that required Appellee to pay Appellant $59.32 per week. In May 2015, Appellant filed a motion for civil contempt/enforcement of child support against Appellee, asserting that Appellee had not paid his court-ordered child support obligations. Appellant's motion requested that the trial court order Appellee to comply with the child support order; authorize the Department of Revenue to collect the debt accrued; and, if Appellee is unemployed, order him to make good-faith efforts to seek employment.

Despite receiving notice, Appellee did not appear at the July 2015 hearing on Appellant's motion held before the judicial hearing officer. The hearing officer's report and recommendations simply stated that Appellant's motion was granted and did not include any enforcement provisions to ensure Appellee complied with his child support obligations. The trial court adopted and ratified the hearing officer's recommendations, but the court's final order likewise granted Appellant's motion without providing any mechanism for enforcing the child support order or facts in support of the trial court's decision. Appellant timely served, via mail, her motion for rehearing in which she once again requested the court include provisions to enforce the court's child support order. For reasons unknown, the motion for rehearing did not reach the clerk of the court's office in a timely fashion. The hearing officer and trial court refused to consider Appellant's motion for rehearing because they deemed it untimely.

Appellant did not brief the issue of the trial court's refusal to entertain her motion for rehearing. Appellate courts may not address an issue not raised in the briefs unless the issue amounts to fundamental error. *Bell v. State*, 289 So. 2d 388, 391 (Fla. 1973) ("It is the long standing rule of this Court that when assignments of error are not argued

in the briefs they will be deemed abandoned unless jurisdictional or fundamental error appears in the record."). Appellate courts should limit their application of fundamental error except in cases that equate to a denial of due process. *O'Brien v. Fla. Birth-Related Neurological Injury Comp. Ass'n*, 710 So. 2d 51, 53 (Fla. 4th DCA 1998) ("Our limited use of this principle in civil cases is, we think, supported by the fact that even in criminal cases, where a miscarriage of justice has far more serious consequences, the Florida Supreme Court has held that fundamental error must be 'equivalent to a denial of due process.'" (quoting *Mordenti v. State*, 630 So. 2d 1080, 1084 (Fla. 1994))).

According to the certificate of service, Appellant served her motion for rehearing by mail seven days after the trial court issued its final order. "A motion for new trial or for rehearing shall be *served* not later than [fifteen] days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action." Fla. R. Civ. P. 1.530(b) (emphasis added). "[T]he service date, not the filing date, is critical for determining whether the motion is timely." *Migliore v. Migliore*, 717 So. 2d 1077, 1079 (Fla. 4th DCA 1998) (citations omitted). If a motion for rehearing is timely served pursuant to Rule 1.530(b), the trial court should consider its merits. *JPMorgan Chase Bank, Nat'l Ass'n v. Bigley*, 120 So. 3d 1265, 1270 (Fla. 3d DCA 2013) ("Should the trial court determine that the motion was timely filed, it should then consider the merits of [appellant's] motion for [rehearing].").

Appellant's motion was timely because it was served within the fifteen days allowed under Florida Rule of Procedure 1.530(b); therefore, the trial court should have considered the merits of Appellant's motion. This court can review the issue even though Appellant did not raise it in her brief because the trial court's failure to review Appellant's

3

timely served motion denied her due process. *Cf. Ocr-EDS, Inc. v. S & S Enters., Inc.*, 32 So. 3d 665, 667 (Fla. 5th DCA 2010) ("A rule that would deny a citizen who has timely sought an appeal [of] his or her right to appeal based upon a proven mistake by a clerk's office employee is not consistent with justice or due process."). Accordingly, we reverse and remand so that Appellant's request for the inclusion of enforcement provisions in an amended contempt and enforcement order can be fully considered.

A trial court entering a civil contempt order based upon failure to pay court-ordered child support may, but is not required to, include mechanisms for enforcing the order and underlying obligations. "Once the court finds that a civil contempt has occurred, it must determine what alternatives are appropriate to obtain compliance with the court order." *Bowen v. Bowen*, 471 So. 2d 1274, 1279 (Fla. 1985). The trial court has broad discretion in choosing which, if any, enforcement provisions should be ordered. *See* § 61.14(5)(b), Fla. Stat. (2015). Here, the trial court determined that Appellee violated his child support obligations. Based on the record before this court, it appears that Appellee never responded to Appellant's contempt/enforcement motions and failed to attend a properly noticed hearing in which Appellant sought sanctions against him. On remand, when the trial court entertains Appellant's motion for rehearing, it should consider whether, under the circumstances of this case, to include any enforcement mechanisms in its amended order. Furthermore, the trial court shall comply with Florida Family Law Rule of Procedure 12.615(d) and section 61.14(5), Florida Statutes (2015), by setting forth in the amended order its findings of fact and reasons for finding Appellee in contempt.

REVERSED AND REMANDED.

TORPY and EVANDER, JJ., concur.