Per Curiam.
This case involves two adjudications of direct criminal contempt stemming from profane and rude comments made by the Appellant during a change of plea healing. Appellant raises four challenges to his adjudications and sentences: (1) he lacked the necessary intent for his first contempt charge; (2) his two charges should have been one charge because they were part of a continuous series of events; (3) the trial *251 court erred by not strictly following the procedures of Florida Rule of Criminal Procedure 3.830; and (4) the trial court erred in imposing various fees and costs. As explained below, we find merit in all but the first challenge.
First, Appellant’s stream of profanity, and especially a vulgar comment referring to “disqualifying” the court, were sufficient to show an intent to “embarrass, hinder, or obstruct the court” or to “lessen its authority or its dignity.” Berman v. State, 751 So.2d 612, 614 (Fla. 4th DCA 1999) (quoting Schenck v. State, 645 So.2d 71, 73 (Fla. 4th DCA 1994)). Appellant’s first argument is therefore without merit.
Next, Appellant’s second contempt charge was based on what appears from the transcript to be a mocking statement toward the trial judge, asking if he “fe[lt] better” after sentencing Appellant for the first contempt charge. This statement was not sufficiently separate from the original stream of profanity to merit a second contempt charge. See Lundy v. State, 596 So.2d 1167, 1168 (Fla. 4th DCA 1992) (describing how multiple instances of contempt can be “continuous” and therefore subject to only one sanction), receded from on other grounds in Gibbs v. State, 676 So.2d 1001 (Fla. 4th DCA 1996). We find the interaction between Appellant and the trial court in this instance to be materially indistinguishable from that described in B.M. v. State, 523 So.2d 1185 (Fla. 2d DCA 1988). In B.M., the defendant and the judge “engaged in a continuous episode of sparring,” as compared with the defendant committing “temporally distinct episodes of contumacious conduct.” Id. at 1186 (quoting Tenorio v. State, 462 So.2d 880, 881 (Fla. 2d DCA 1985)). The “continuous episode” involved the defendant reacting to the judge’s imposition of a first contempt charge by sticking out his tongue. Id. at 1185-86. Here, Appellant reacted to his first contempt charge by mocking and/or questioning the judge’s intentions for the sentence. In both cases, the defendant/appellant engaged in a verbal sparring match with the court, was found to be in contempt, and immediately reacted in a way further intended to lessen the court’s authority. We, like the Second District in B.M., hold that Appellant’s attempt to simply get the last word into the argument is sufficiently continuous with the original contempt charge such that only a single charge was appropriate.[1] Therefore, we reverse Appellant’s second contempt charge in its entirety.
Appellant’s next issue relates to the trial - court’s failure to strictly follow the procedures of Florida Rule of Criminal Procedure 3.830. Such a failure constitutes fundamental error. See A.W. v. State, 137 So.3d 521, 522 (Fla. 4th DCA 2014) (holding a trial court commits fundamental error by failing to follow Florida Rule of Juvenile Procedure 8.150, the juvenile rule equivalent of Florida Rule of Criminal Procedure 3.830); see also Peters v. State, 626 So.2d 1048, 1050 (Fla. 4th DCA 1993) (requiring “[sjcrupulous compliance” with Rule 3.830). The State in this case concedes that the trial court failed to allow Appellant the opportunity to present evidence in his defense, instead asking only “why shouldn’t I hold you in direct contempt right now?” See A.W., 137 So.3d at 523 (holding that near-identical phrasing was insufficient). The State also concedes that the trial court erred by not providing a recital of the facts supporting the adjudication of guilt. See id. (references to “his *252 statements,-demeanor, and behavior”’' are insufficient); see also Johnson v. State, 584 So.2d 95, 96 (Fla. 1st DCA 1991) (holding that the attachment of a transcript, which the court apparently .tried but failed to do here, is insufficient). Appellant argues that this error should result, in the complete reversal of his charge, whereas the State argues that a new hearing is the appropriate remedy. The State is correct. The proper remedy for a trial court’s failure to strictly adhere to the requirements of Rule 3.830 is a new hearing at which the rule will be followed. Golant v. State, 202 So.3d 946, 949 (Fla. 4th DCA 2016).
Finally, we agree with Appellant arid with the State’s concession that the statutes and rules supporting the fees and costs imposed by the trial court do not apply to this particular case. Following the hearing required under the previous paragraph, the trial court shall refrain from imposing any of the costs imposed in- its previous judgment.

Reversed and remanded with instructions.

Warner, Levine and Forst, JJ., concur.

. We need not address whether the trial court could have increased the penalty for the first charge of direct criminal contempt after the follow-up action, as the court had already imposed the maximum penalty permitted trader section 775.02, Florida Statutes (2016).