DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERMON WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1720

[July 12, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elizabeth Anne Scherer, Judge; L.T. Case Nos. 15005929CF10A and 15009710CF10A.

Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

In this appeal, Appellant challenges three adjudications of direct criminal contempt imposed by the court after Appellant went on a vulgar and disrespectful tirade during a calendar call. We affirm the first adjudication of contempt, but reverse the second and third adjudications.

Although a defendant may lawfully be charged and convicted of multiple counts of contempt during the course of one proceeding, the basis for each charge must be sufficiently distinct. For example, in *Tenorio v. State*, 462 So. 2d 880, 881 (Fla. 2d DCA 1985), the defendant earned four contempt convictions based on "the expression of an obscenity directed to the court at or near the courtroom's doorway, the repetition of the obscenity when the appellant was brought into the courtroom, and two separate acts of kicking 'buckets of files' from the clerk's desk." The appellate court affirmed each conviction, holding that "four temporally distinct episodes of contumacious conduct occurred." *Id.*

Conversely, a defendant may not be charged and convicted of multiple counts of contempt based on one continuous episode of contemptuous behavior. *See B.M. v. State*, 523 So. 2d 1185, 1185–86 (Fla. 2d DCA 1988) (holding that a defendant could not be held in contempt for mocking the judge in reaction to being held in contempt for swearing at the judge because the entire encounter was "a continuous episode of sparring" worthy of only a single contempt charge); *Butler v. State*, 330 So. 2d 244, 244 (Fla. 2d DCA 1976) (holding that a "single outburst . . . interrupted only by the court interjecting itself long enough to inform the appellant that he had committed yet another act of contempt" should have resulted in one charge rather than six).

Illustrative of this point is this Court's recent opinion in *Swain v. State*, 42 Fla. L. Weekly D1118 (Fla. 4th DCA May 17, 2017). There, a defendant was charged and convicted of contempt after he unleashed a stream of profanity at the court at a change of plea hearing. *Id.* After the court pronounced its sentence on the contempt charge, the defendant made an additional mocking statement which resulted in another contempt conviction. *Id.* On appeal, we reversed the second contempt conviction, holding that the underlying "statement was not sufficiently separate from the original stream of profanity to merit a second contempt charge." *Id.* We reasoned that the episode was continuous because the additional mocking statement was reactionary to the judge's imposition of the first contempt charge and was made by the defendant in an attempt to "lessen the court's authority" and "simply get the last word into the argument." *Id.* at D1119.

The transcript of the calendar call here reflects that after the court explained that Appellant's public defender could not ethically adopt his pro se motion, Appellant became irate and unleashed a stream of profanities at the court. The court interjected long enough to inform Appellant that he committed an act of contempt and in response, Appellant continued with his tirade. This pattern repeated itself several times until Appellant was eventually escorted out of the courtroom. All in all, the obscenities shouted by Appellant were part of the same continuous outburst and seem to best be read as an attempt to get the last word. Although we do not in any way condone Appellant's disrespectful and vulgar behavior, under these circumstances, Appellant should have only been convicted of one count of contempt. *Swain*, 42 Fla. L. Weekly at D1118; *B.M.*, 523 So. 2d at 1185-86; *Butler*, 330 So. 2d at 244. Therefore, we reverse Appellant's second and third contempt convictions in their entirety.

2

*Affirmed in part and reversed in part.*

CIKLIN and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**