DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH MANZARO,**
Appellant,

v.

**LINDA D'ALESSANDRO,**
Appellee.

No. 4D18-2178

[October 23, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. FMCE12-000471.

Guillermo J. Farinas, Palm Beach, for appellant.

Megan K. Wells of Wells Law Firm, LLC, Miami Lakes, for appellee.

GERBER, J.

The father in a custody-related dispute appeals from the circuit court's direct criminal contempt order and sentence entered after the father's repeated uncontrollable interruptions and outbursts during a hearing. The father argues that the circuit court did not comply with Florida Rule of Criminal Procedure 3.830's requirements before entering the order and sentence. We are compelled to agree with the father and reverse.

Rule 3.830 provides:

A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. *Prior to the adjudication of guilt the judge <u>shall</u> inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant <u>shall</u> be given the opportunity to*

> *present evidence of excusing or mitigating circumstances.* The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.

Fla. R. Crim. P. 3.830 (emphasis added).

Our review of the hearing transcript indicates that the circuit court did not inquire as to whether the father had any cause to show why he should not have been adjudged guilty of contempt by the circuit court and sentenced therefor. The circuit court also did not give the father the opportunity to present evidence of excusing or mitigating circumstances.

Due to the circuit court's noncompliance with rule 3.830's mandatory inquiries, we are compelled to reverse the direct criminal contempt adjudication. *See Swain v. State*, 226 So. 3d 250, 251 (Fla. 4th DCA 2017) (a trial court's failure to strictly follow the procedures of Florida Rule of Criminal Procedure 3.830 constitutes fundamental error).

If the circuit court chooses to proceed with its direct criminal contempt charge against the father, then the circuit court must hold a new hearing to comply with rule 3.830's mandatory inquiries. *See id.* at 252 ("The proper remedy for a trial court's failure to strictly adhere to the requirements of Rule 3.830 is a new hearing at which the rule will be followed.").

However, given that the father already has served his sentence, we recognize that the circuit court, rather than engaging in a new hearing, has the option of entering an order withdrawing its direct criminal contempt charge and vacate the direct criminal contempt adjudication. Neither the circuit court nor the parties should construe this opinion as preferring one option over the other.

One final note. As three former trial judges reviewing this case, we fully understand the circuit court's difficult predicament in a situation like this. As the circuit court's judgment indicates, during the father's final outburst, the father "stood up and approached [the opposing party and counsel] in an aggressive manner[,] causing the court to fear imminent violence," leading the circuit court to order deputies to physically remove the father from the courtroom. According to the transcript, the father continued ranting uncontrollably while physically resisting being removed from the courtroom.

Given the father's violent and uncontrollable outburst, we do not see how it would have been reasonably possible for the circuit court to have

2

completed rule 3.830's mandatory inquiries on the record without risking the safety of the deputies, others in the courtroom, and the father himself.

We recognize rule 3.830's mandatory inquiries are intended to satisfy the important procedural safeguards of due process. *See Plank v. State*, 190 So. 3d 594, 605 (Fla. 2016) ("[B]ecause trial judges exercise their power of criminal contempt to punish, it is extremely important that they protect an offender's due process rights, particularly when the punishment results in the imprisonment of the offender.") (citation omitted).

We also recognize "the unique power exercised in direct criminal contempt proceedings must be used only rarely and with circumspection . . . [T]he provocation must never be slight, doubtful, or of shifting interpretations. The occasion should be real and necessary, not murky, and not ameliorated in some less formal manner." *Id.* (citations and internal quotation marks omitted).

However, it should come as no surprise that judges, like the judge in this case, instinctively act to preserve safety by having the uncontrollably aggressive person immediately removed from the courtroom to prevent imminent violence. *See id.* at 604 ("Where a court's ability to undertake its essential functions is jeopardized, the court must be able to act swiftly to ensure it can fulfill its obligations and preserve the dignity of court proceedings.").

It also should come as no surprise that while trying to preserve safety, a judge may be unable to comply with rule 3.830's mandatory inquiries without putting safety in jeopardy.

Based on the foregoing, we request the Florida Bar's Criminal Rules Committee examine whether to recommend to the Florida Supreme Court that rule 3.830 be amended to clarify that a person may be temporarily detained until safety can be ensured, then promptly returned to the courtroom to provide the person with procedural due process.

*Reversed and remanded.*

DAMOORGIAN and CIKLIN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**