# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-0888
LT Case Nos. 2022-CF-1143
2021-CF-0286
2019-CF-4193

_____

NEIL JOSEPH GILLESPIE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Peter M. Brigham, Judge.

Neil Joseph Gillespie, Ocala, pro se.

Ashley Moody, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.

August 2, 2024

PER CURIAM.

Neal Joseph Gillespie ("Gillespie") appeals his conviction of direct criminal contempt. Because the trial court failed to comply with Florida Rule of Criminal Procedure 3.830 during the contempt hearing, we reverse and remand for the trial court to hold a hearing in accordance with rule 3.830.

## Facts

On January 3, 2023, Gillespie appeared pro se for a hearing in his pending criminal cases. During a discussion regarding a proposed order, Gillespie allegedly "yelled" at the court.[1] The court admonished Gillespie for this conduct, at which point Gillespie stated that because of a speech impairment he has a hard time projecting his voice.

Twenty-two days later, on January 25, 2023, Gillespie appeared for a scheduled pretrial conference. After finishing the conference, the court brought up Gillespie "yelling" during the January 3, 2023 hearing and indicated that it was going to hold him in contempt. Although there was then some discussion between Gillespie and the court, the court neither "inquire[d] as to whether [Gillespie] ha[d] any cause to show why he . . . should not be adjudged guilty of contempt by the court and sentenced therefor" nor "provide[d] [Gillespie] the opportunity to present evidence of excusing or mitigating circumstances." *See* Fla. R. Crim. P. 3.830. Ultimately, the court pronounced Gillespie guilty of criminal contempt and sentenced him to thirty days in jail.

## Analysis

"The rules of criminal contempt must be strictly followed so as to protect the due process rights of the defendant." *M.J. v. State*, 202 So. 3d 112, 113 (Fla. 5th DCA 2016) (quoting *State v. Diaz de la Portilla*, 177 So. 3d 965, 973 (Fla. 2015)). Although Gillespie did not object to the trial court's failure to scrupulously follow the requirements of rule 3.830, the trial court's failure to do so constitutes fundamental error. As we explained in *Schoenwalder v. State*, 70 So. 3d 745, 746 (Fla. 5th DCA 2011):

> Before being adjudicated guilty of his contemptible behavior, Petitioner was entitled to "the opportunity to present evidence of excusing or mitigating circumstances." Fla. R. Crim. P. 3.830. Petitioner did not

---

[1] While the written transcript was provided on appeal, the audio recording was not.

receive this opportunity. Beyond a perfunctory request whether there was just cause not to hold Petitioner in contempt, the trial court did not provide Petitioner with the opportunity to present evidence of excusing or mitigating circumstances. A trial court's failure to afford a defendant this opportunity constitutes fundamental error.

(footnote omitted) (citing *Garrett v. State*, 876 So.2d 24 (Fla. 1st DCA 2004)); *see also Hutcheson v. State*, 903 So. 2d 1060, 1062 (Fla. 5th DCA 2005) ("'The provisions of rule 3.830 define the essence of due process in criminal contempt proceedings and must be scrupulously followed.' . . . [T]he failure to follow the procedural requirements in contempt proceedings is fundamental error." (quoting *Keeton v. Bryant*, 877 So. 2d 922, 926 (Fla. 5th DCA 2004))).

## Conclusion

We reverse and remand for the trial court to hold a hearing which adheres to the express requirements of rule 3.830. *See Swain v. State*, 226 So. 3d 250, 252 (Fla. 4th DCA 2017) ("The proper remedy for a trial court's failure to strictly adhere to the requirements of rule 3.830 is a new hearing at which the rule will be followed." (citing *Golant v. State*, 202 So. 3d 946, 949 (Fla. 4th DCA 2016))). In an abundance of caution, and because the trial judge has already held Gillespie in contempt, a different judge shall be assigned to the case on remand. *See Osteen v. State*, 12 So. 3d 927, 929 (Fla. 2d DCA 2009) ("Because [the trial judge] has already ruled that Osteen's claim is without merit and a reasonable person in Osteen's position might well fear that [the trial judge] would not fairly and impartially determine this claim, a different judge shall be assigned to the case on remand.").

REVERSED AND REMANDED.

MAKAR and HARRIS, JJ., concur.
KILBANE, J., concurs in part and dissents in part, with opinion.

3

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

KILBANE, J., concurs in part and dissents in part.

I concur fully in the court's opinion except as to the decision to order reassignment of this case to a different judge on remand. Here, Gillespie did not argue whether reassignment would be appropriate in the event of a remand. *See Randall v. Griffin*, 204 So. 3d 965, 967 (Fla. 5th DCA 2016) ("Appellate courts may not address an issue not raised in the briefs unless the issue amounts to fundamental error."). This is also not a situation where sua sponte reassignment would be warranted. *See Carrington Mortg. Servs., LLC v. Nicolas*, 343 So. 3d 605, 612 n.3 (Fla. 3d DCA 2021) (identifying two factors as relevant to the consideration of whether to sua sponte require reassignment on remand: that "the appearance of prejudgment . . . be avoided" and "to preclude any perception on [the appellant's] part that the [proceeding] may not be conducted in a completely fair and impartial manner" (second alteration in original) (first quoting *Betty v. State*, 233 So. 3d 1149, 1153 (Fla. 4th DCA 2017); and then quoting *Mirutil v. State*, 30 So. 3d 588, 591 (Fla. 3d DCA 2010))); *see also Comparelli v. Republica Bolivariana De Venezuela*, 891 F.3d 1311, 1328 (11th Cir. 2018) ("Reassignment is a 'severe remedy,' and only 'appropriate where the trial judge has engaged in conduct that gives rise to the appearance of impropriety or a lack of impartiality in the mind of a reasonable member of the public.'" (citation omitted) (first quoting *Stargel v. SunTrust Banks, Inc.*, 791 F.3d 1309, 1311 (11th Cir. 2015); and then quoting *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989))).